## STATE v. J. J. CHAMPION.

*Indictment for Perjury—Indictment, Sufficiency of—Certified Copy of Record—Evidence*

1. An indictment for perjury, charging the defendant with "knowing the said statement or statements to be false, or being ignorant whether or not said statement was true," is sufficient, being in the exact words of the form prescribed for such indictments by the Act of 1889, ch. 83.

2. A certified statement by the Register of Deeds of a County as to how much property was listed for taxation by defendant, not being a copy of such list, is incompetent as evidence in a trial of one charged with perjury, inasmuch as Sect. 1342 of *The Code* makes competent only the "copies" of official records, etc.

INDICTMENT for perjury, tried at January Term, 1895, of FRANKLIN Superior Court.

There was a motion to quash the bill of indictment, in that it charged the offence in the alternative, *i. e.*, that the defendant made the statement, knowing it to be false, or being ignorant whether or not said statement was true. The bill of indictment was as follows:

"The jurors for the State, upon their oath, present that James I. Champion, late of Franklin county, on the 19th day of October, A. D. 1891, at and in the county aforesaid, did, unlawfully and feloniously, commit perjury upon a justification on a certain undertaking before S. G. Davis, a Notary Public, in and for the State of North Carolina, which said undertaking was filed in a certain civil action pending in the Superior Court of Nash county, wherein S. B. Ricks was plaintiff and James Strother, Ed. Strother and Lucius Strother were defendants, by falsely asserting on oath that he, the said James I. Champion, was worth over and above his liabilities and exemptions allowed by law, one thousand and seventy dollars, knowing the said

statement or statements to be false, or being ignorant whether or not said statement was true, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

Motion to quash was overruled, and the defendant excepted.

The paper which contained the alleged false oath was introduced in evidence, and also certain other paper writings referred to in the opinion. There was a verdict of guilty. Motion to set the verdict aside, and for a new trial, by the defendant, upon the ground that the verdict was against the weight of the evidence, and on the further ground of the exceptions taken by the defendant in the course of the trial. Motion denied. Judgment and appeal by the defendant.

*The Attorney General*, for the State.

*Messrs. W. M. Person* and *Argo & Snow*, for the defendant (appellant).

MONTGOMERY, J.: There was no error in His Honor's refusal to quash the indictment. The motion to quash was based on the alternative form of that part of the indictment charging the defendant with knowledge of the falsity of the oath : "Knowing the said statement or statements to be false, or being ignorant whether or not said statement was true." The indictment in the respect complained of is in the exact words of the form prescribed for indictments for perjury by the Act of 1889, Ch. 83, and approved in the case of the *State* v. *Peters*, 107 N. C., 876. The State offered as evidence a certificate of the Register of Deeds of Granville County which is as follows :

"I, Jas. A. Norwood, Register of Deeds for the County of Granville and State aforesaid, do certify that W. H. and J. I. Champion listed for taxation for the year 1891, as

appears from the tax books on file in my office, 414 acres of land valued at $2,300; and I further certify that J. I. Champion listed for taxation the following personal property for said year (1891): 1 horse, $75; 1 mule, $75; 5 cattle, $25; 4 hogs, $10; farming utensils, $50; household furniture, $100; total $335. Witness my hand and official seal, this the 5th day of January, 1894. J. A. Norwood, Register of Deeds," &c.

This certificate was offered as some evidence to show that the defendant was not worth as much as he justified for, on the 19th October, 1891. The defendant objected to its introduction because it did not purport to be a copy of the tax record certified as required by law to be received in evidence. We think the objection was well taken and that His Honor ought not to have overruled it. Section 1342 of *The Code* provides that "Copies of all official bonds, writings, papers or documents recorded or filed as records in any court or public office shall be as competent evidence as the original when certified by the keeper of such records or writings under the seal of his office, when there is such seal, or under his hand, when there is no such seal, unless the Court shall order the production of the original." A copy is a transcript of the original—a writing exactly like another writing. The certificate used in evidence did not purport to be a copy in this sense. If such statements as this certificate were allowed to be used as evidence in courts of law, as copies, there would be danger that the interpretations and conclusions of the officers in charge of records would often be used in evidence instead of the exact words and figures of the original entries. The record is the evidence and must speak for itself, and the certificate of the register's office is only evidence of the correctness of the record. There is error and there must be a new trial.

New Trial.