THE STATE, EBENEZER FRANCIS, PROSECUTOR, v. THE
MAYOR AND COMMON COUNCIL OF NEWARK ET AL.

1. F., who held the position of clerk in the auditor's office in the city of
   Newark, was removed by the common council, without cause and
   without a hearing first had. He claimed that his removal was in
   violation of the act of March 14th, 1895 (*Gen. Stat., p.* 3702), which
   prohibits the removal of an honorably-discharged Union soldier from
   a position under the government of any city of this state except for
   good cause shown, and after a hearing upon written charges preferred
   against the incumbent. *Held,* that in order to entitle him to the
   benefit of that act it was necessary for F. to show that he was an hon-
   orably-discharged Union soldier, and that the evidence produced by
   him for that purpose failed to establish the fact of his discharge.
   *Held, further,* that a soldier of the war of the rebellion, who deserted
   from his regiment but who afterwards received his discharge under an
   order of the war department, which authorized such discharge to be
   issued to him upon his furnishing a substitute, is not an *honorably-*
   discharged Union soldier within the meaning of the act of 1895, and
   is not entitled to its benefits.
2. The certificate of a public officer that a certain fact appears of record
   in his office, without the production of a duly-authenticated copy of
   such record, is not evidence of the existence of the fact.
3. A copy of a record in the office of the adjutant-general, duly certified
   by him under the seal of his office, as provided by the act of March
   1st, 1870 (*Rev., p.* 694), is without probative force in a judicial pro-
   ceeding.

On *certiorari.*

Argued at November Term, 1895, before Justices DEPUE,
VAN SYCKEL and GUMMERE.

For the prosecutor, *Joseph A. Beecher.*

For the defendants, *Sherrerd Depue* and *Chandler W. Riker.*

The opinion of the court was delivered by

GUMMERE, J. The prosecutor in this case seeks, by this
proceeding, to have reviewed the action of the common coun-
cil of the city of Newark, and of the finance committee of that

body, on May 15th and 17th, 1895, removing him, without cause and without a hearing, from the position of clerk in the office of the auditor of said city, which he had held since July 1st, 1892.

The prosecutor claims to be an honorably-discharged Union soldier, and as such insists that the action of the common council and its finance committee, in removing him from his position, was in violation of the provisions of the act of March 14th, 1895, entitled "An act regarding honorably-discharged Union soldiers, sailors and marines," and therefore void. This act prohibits the removal of an honorably-discharged Union soldier from any position or office under the government of any city of this state, the term of which is not fixed by law, except for good cause shown and after a hearing upon charges regularly preferred against him.

In order to entitle him to the benefit of this act, it was necessary for the prosecutor to show, at the outset of his case, that he was an honorably-discharged Union soldier. The usual method of proving that fact is by the production of the certificate of discharge itself. *Fitchburg* v. *Lunenberg*, 102 *Mass.* 358; *Hanson* v. *South Scituate*, 115 *Id.* 336. The prosecutor, however, did not adopt this method of proving his *status*, but, instead, attempted to do so by other evidence. He, in the first place, offered a certificate of the adjutant-general of this state, which read as follows:

"TRENTON, April 30th, 1895.

"It is certified that the records of this office show that Ebenezer Francis was enrolled as a private in Company I, First Regiment, New Jersey Volunteer Militia, on the 30th day of April, 1861, and was mustered into the United States service as such for the period of three months from the 30th day of April, 1861, and that he was discharged July 31st, 1861, with the regiment, at Newark, New Jersey, on expiration of term of service.

"WILLIAM S. STRYKER,
"*Adjutant-General.*"

This certificate has no probative force whatever. It is not a certified copy of a record, but merely a statement of what, in the opinion of the certifier, that record shows. The worthlessness of such a certificate as evidence is apparent. *Owen* v. *Boyle,* 3 *Shepl.* 147. Nor would the prosecutor have been in any better position if he had produced a certified copy of the records of the adjutant-general's office, for such a copy is not receivable in evidence, except in those cases where its reception is enjoined or permitted by statute. *Stark. Ev.* 154; *Traction Company* v. *Board of Works,* 28 *Vroom* 313. The third section of the supplement to the National Guard act, approved March 1st, 1870 (*Gen. Stat., p.* 2270), directs the adjutant-general to "procure an appropriate official seal, and affix an impression of the same to all certificates of record issuing from his office," but no statutory warrant can be found for the reception of such certificates of record in evidence in judicial proceedings.

Prosecutor, to further substantiate his claim to be an honorably-discharged Union soldier, produced another paper from the adjutant-general's office, purporting to be the muster-out roll of the company in which he enlisted, but there was no proof offered of its execution by the parties who were required to sign it in order to make it a valid muster-roll. This, it seems to me, was necessary to be done in order to give this paper any value as evidence in this case, and the failure to produce such proof renders it of no avail in establishing the prosecutor's *status.*

The prosecutor next offered another certificate of the adjutant-general, in the following words:

"TRENTON, May 23d, 1895.

"It is certified that the records of this office show that Ebenezer Francis was enrolled as a private in Company I, First Regiment, New Jersey Volunteer Cavalry, on the 11th day of September, 1861, and was mustered into the United States service as such for the period of three years from the 14th day of September, 1861, and that he was discharged

January 13th, 1865, per paragraph 29, special orders No. 435, War Department, Adjutant-General's office, Washington, D. C., dated December 8th, 1864.

" WILLIAM S. STRYKER,

*"Adjutant-General."*

This certificate, like the previous one, has no evidential force, for the reason already stated. Moreover, it appears from the testimony of a clerk in the adjutant-general's office that the records in that office originally showed that the prosecutor was a deserter from the service of the United States, and that those records had been altered by one of the clerks in the office, since this suit was instituted, so as to make it appear that he was discharged. No comment is necessary to show the worthlessness of such a record as evidence.

Another certificate, offered by the prosecutor to prove his *status* as an honorably-discharged Union soldier, was that of the chief of the Record and Pension office, a branch of the War Department of the United States. It reads as follows:

" *To all whom it may concern :*

" This is to certify that Ebenezer Francis, who was enrolled on the 14th day of September, 1861, to serve three years, was discharged on the 13th day of January, 1865, by paragraph 29, special orders No. 435, War Department, Adjutant-General's office, dated December 8th, 1864, while holding the grade of private in Company I, First Regiment, New Jersey Cavalry Volunteers. This certificate is given upon evidence that the original discharge has been lost or destroyed, and in all cases upon the conditions imposed by act of congress, approved March 3d, 1873, that it shall not be accepted as a voucher for the payment of any claim against the United States for pay, bounty or other allowance, *or as evidence in any other case.*"

It seems to me that, with the condition annexed to it, this certificate could not be received in evidence in this case even if it was otherwise unobjectionable. But be that as it may,

this paper amounts to nothing as evidence.  It states as a fact that the prosecutor was discharged, but what that statement is based upon, whether upon the personal knowledge of the certifier, or upon an examination of the records in his office, does not appear.  If upon his personal knowledge, his statement is not competent unless made under oath, and if, upon an inspection of the records in his office, a copy of those records duly authenticated should have been offered to prove the fact of discharge.

Another certificate of the Chief of the Record and Pension office was also offered by the prosecutor, which reads as follows :

"WASHINGTON CITY, May 31st, 1895.

"Pursuant to section 882 of the revised statutes, I hereby certify that it appears from the records of the record and pension office of the war department that the annexed statement of the military service of Private Ebenezer Francis, Company I, First New Jersey Cavalry Volunteers, and copy of paragraph 29, special orders No. 435, December 8th, 1864, War Department, Adjutant-General's office, are true."

Then follows this statement: Ebenezer Francis was enrolled as a private in Company I, First New Jersey Cavalry Volunteers, September 14th, 1861, to serve three years, and was discharged the service as of said grade and organization January 13th, 1865, pursuant to the provisions of paragraph 29, special orders No. 435, December 8th, 1864, War Department, Adjutant-General's office, of which the following is a copy :

"29.  Private Ebenezer Francis, Junior, Company I, First New Jersey Cavalry, will be discharged the service of the United States upon producing satisfactory evidence to the commanding officer of the corps or department in which he may be serving, of his having furnished an acceptable substitute, not liable to draft, to serve three years.  Upon the presentation of the substitute to any United States mustering

officer, he will muster him (the substitute) into the service of the United States, and give a certificate of the muster to the person presenting the substitute, in order that the principal may receive the order for his discharge from the corps or department commander upon its presentation.

"By order of the Secretary of War.

"E. D. TOWNSEND,
*"Assistant Adjutant-General."*

This certificate is under the seal of the War Department, and it is insisted that it is, therefore, evidence by force of section 882 of the revised statutes of the United States. That section provides that copies of any books, records, papers or documents in any of the executive departments of the government, when authenticated under the seals of such departments, shall be received in evidence equally with the originals thereof. By force of this statute a transcript from the War Department, duly authenticated by the certificate of the officer who is the custodian of the original paper, document or record and the seal of the department, is plenary proof of the subject-matter contained in it. *Hawthorne* v. *Hoboken*, 6 *Vroom* 247. It will be seen, however, by an examination of this certificate, that the only transcript of a record, paper or document contained in it is that of paragraph 29 of special orders No. 435, and that document proves nothing more than that the prosecutor was entitled to be discharged the service of the United States upon complying with certain conditions. That he furnished a substitute after this order was issued, appears in the case; but there is nothing in the case to show that such substitute was not liable to draft, or that the prosecutor produced to the commanding officer of the corps or department in which he was serving satisfactory evidence of the furnishing of such substitute, or that he ever received from such commanding officer an order for his discharge. The production of paragraph 29, special orders No. 435, does not establish the fact that the prosecutor is an honorably-discharged Union soldier. The rest of the certificate is not authorized

by the provision of the United States statute above referred to. It is a mere statement by the certifying officer of what, in his opinion, the records of his office show, and this, as was said in discussing the effect of the certificates made by the adjutant-general of this state, is without evidential value.

This comprises all the evidence produced by the prosecutor to show his right to the enjoyment of the privileges bestowed by the act of 1895 upon honorably-discharged Union soldiers, and it seems to me that it fails to demonstrate the existence of such right. The prosecutor did not offer himself as a witness in his own behalf, but he was called by the defendants, and, on their examination, testified that he enlisted as a soldier in the fall of 1861, for three years, and served until February 1st, 1862, at which time he left his regiment, without the permission of his superior officers, so far as his testimony shows, and never returned to it or took any further part in the war of the rebellion. A corporal of his company was examined as a witness, and testified that the prosecutor left his company on the date last mentioned, without leave, with two or three other members of the company, and was subsequently reported as a deserter. Now, assuming that all the facts contained in the various certificates offered by the prosecutor have been proved, and taking them in connection with the prosecutor's own statement, the situation is this: He enlisted as a soldier in the war of the rebellion, on September 14th, 1861, for three years, and served until February 1st, 1862, when he deserted, and never afterwards returned to his regiment or took any further part in the war. In January, 1865, by furnishing a substitute, he was relieved from the stigma of being recorded in the archives of the War Department as a deserter, and was recorded as having been "discharged the service."

Such a discharge as this is clearly not the *honorable* discharge which the legislature of this state had in mind as entitling the veterans of the late war to special consideration at its hands, and as justifying it in providing for their retention in our civil service during good behavior.

The writ should be discharged, with costs.