PROVO STY, J.
Defendant was tried without a jury, arid convicted and sentenced un *396 der section 910, Rev. St. (amended by Act No. 66 of 1902, p. 93), which provides:
“Whoever shall keep a grog or tippling shop and sell and retail spirituous and intoxicating liquors without having previously obtained a license so to do from the police jury, town or city authorities on conviction shall,” etc.
St. Landry parish, in which the offense is alleged to have been committed, is a dry, or prohibition, parish, in which licenses to sell liquors are not issued.
On the trial the following certificate was offered in evidence:
“Internal Revenue Service,
“District of Louisiana.
“Collector’s Office.
“New Orleans, La., Eeb’y 11, 1910.
“I hereby certify that the foregoing is a true and correct copy of the records of this office as to special tax payers in the Parish of St. Landry, since October 15, 1909, to the present date.
“Edw. I. Seyburn, Collector.”
Then follows in this certificate the list of the taxpayers in question, in which list the following occurs:
“Cunningham & Co., Carlton Cunningham. W. side marker street., Opelousas, R. L. D. from December, paid $14.59, on Jan’y 28th, stamp. NO. 164192.”
Defendant objected to this certificate being admitted in evidence on the following grounds:
“(1) That said certificate is not such a certificate as is required or contemplated by Act No. 40 of 190S.
“.(2) That, even if such a certificate be construed to come under the provisions of said Act No. 40 of .1908, it is inadmissible for the reason that said Act No. 40 of 1908 is unconstitutional, null, and void, in that it contravenes articles 9 and 11 of the Constitution of 1898 by depriving him of the right to be confronted with the witness against him, and forcing him to take the stand to testify, when the falsity and inaccuracy of the certificate could otherwise be shown by cross-examination.”
The court overruled the objection, assigning the following reasons for doing so:
“The act permits the state to introduce this certificate in support of its charge. The interna] revenue license was issued to Carlton Cunningham & Co. The state contended that defendant was a member of this company, and satisfied the court beyond a reasonable doubt that he was. He was not convicted solely on this certificate. Two witnesses swore they had purchased whiskey from him.”
Act No. 40 of 1908, p. 40, provides that:
“In all prosecutions for the crime or offense of keeping a grog and tippling shop or retailing spirituous liquors or intoxicating liquors in violation of law it shall be competent for the state to introduce in evidence in support of its charge a certificate from the .internal revenue collector showing that a United States internal revenue license or permit was issued to such person or persons within one year preceding the finding of the indictment or the filing of the bill of information upon which such trial is had and covering the period within which such person or persons is charged with having kept a grog and tippling shop or retailing spirituous or intoxicating liquors.
“Sec. 2. Be it further enacted, etc., that the certificate of the internal revenue collector or of his deputy showing that an internal revenue license or permit was issued as named in section one of this act when introduced in evidence shall be prima facie evidence that the person to whom such United States revenue license or permit was issued is guilty of keeping a grog or tippling shop or retailing spirituous or intoxicating liquors in violation of law.”
The reasons assigned by the defendant’s learned counsel why the certificate in question “is not such a certificate as is required or contemplated by said act No. 40 of 1908” are, first, that the said certificate does not name the accused; and, secondly, that the signature of the internal revenue officer on the certificate comes before instead of after the list of taxpayers. In other words, that, instead of certifying in the manner he has done, the officer should have given the list and then certified to it.
In the absence of any suggestion that the list as found in the certificate is not a correct transcription from the records of the internal revenue office, we think this objection is withdut merit.
The other reason has no greater merit. The evidence showed that defendant was a member of the firm of Carlton Cunningham & Co., to which the license was issued.
Nor has the other ground of objection, based on the constitutional right of an accused to be confronted with the witnesses *398 against Mm, any greater merit. That constitutional provision has application only to witnesses, not to documentary evidence. In the present case the evidence in question is purely documentary. The internal revenue officer who issued the license and made the record of its having issued, and who after-wards gave the certificate in question, is not made a witness against defendant; but the record, such as it happens to be, is made •prima facie evidence of the fact of liquors having been sold by the licensee, and this record is allowed to be proved in the usual way by means of a duly certified copy.
The learned counsel for defendant concedes that the fact of having an internal revenue license to sell liquors can constitutionally be made prima facie evidence of the violation of the statute against the sale of liquors ; but he denies that the same conclusion can be constitutionally predicated on the mere record of such a license having issued to a person, inasmuch as such record is not proof that the person has the license. Well, perhaps so; but, in the- exercise of its almost plenary power over the rules of evidence, the Legislature is not required to indulge in such nice distinctions. If it leave the door open to a defendant to show that the record offered against him is not correct, and that he did not, as a matter of fact, take out the license, the constitutional guaranties of a fair trial and of not condemning without a hearing are not infringed.
For comprehending the next and last contention of defendant, a word of explanation is necessary. The Constitution of 1898 provided that the Legislature should grade misdemeanors, and fix a minimum and a maximum penalty therefor. When the Legislature came to do that, by Act No. 107 of 1902, p. 161, it provided that the amount of the fine for selling liquors without a license should be regulated upon the amount of the license which the accused had failed to obtain. And the Legislature repeated this same provision in Act No. 176 of 1908, p. 236 —the Gay-Shattuck act — which is the law regulating generally the business of selling liquors.
These laws which thus make the amount of the penalty depend upon the amount of the license that should have been, but was not, obtained, cannot from their very terms have any application in prohibition parishes where no licenses are issued, and no law fixes the amount of licenses; and, as the result of this, the question arose whether fhere was any law making it an offense to sell liquors in prohibition parishes. In the cases of State v. Hageman, 123 La. 802, 49 South. 530, and State v. Bailey, 124 La. 152, 49 South. 1011, this court held that said acts had not had the effect of repealing section 910, Rev. St., and its amending act, but only of restricting their application to prohibition parishes. So that by these decisions section 910, Rev. St, and the act amending it, have operation only in prohibition parishes, and Acts No. 107 of 1902 and No. 176 of 1908 have operation only in nonprohibition parishes.
In the instant case the contention of defendant is that the effect if thus restricting the operation of section 910 and its amending act to prohibition parishes is to make them local laws, and as such unconstitutional, null, and void, as obnoxious to articles 48 and 49 of the Constitution, whereby the Legislature is forbidden from making local laws either directly by the passage of an act or indirectly by limiting the operation of an already existing law.
If section 910 and its amending act are thus local laws within the constitutional meaning because thus locally restricted in their operation, so, in like manner and for the same reason, are said Acts No. 107 of 1902 and No. 176 of 1908 local laws, and as such null and void; and, if the latter laws are thus unconstitutional, null, and void, they stand as if never written, and can have *400 no effect whatever upon section 910, Rev. St., and the act amending it, which, being thus unaffected by this later legislation, stand as they did originally, general in their terms and applicable throughout the state. The argument by which defendant thus attempts to show section 910 to be a local law and unconstitutional is therefore self-destructive.
But these laws are not local laws. A law, general in its terms, applying to all persons alike throughout the state does not become a local law within the meaning of the said articles 48 and 49 of the Constitution simply because the conditions under which it can have operation prevail only in certain parts of the state. Such laws of restricted operation are as numerous, if not more numerous, than other laws. Indeed, this is so plain that there can be no necessity for going extensively into the subject. Especially that it is a subject that has been pretty thoroughly threshed out in former decisions of this court It will suffice to give the following description of a special and local law quoted with approval by this court in the case of State v. Dalon, 35 La. Ann. 1142, to wit:
“An act is general within the meaning of the Constitution, which, in its subject, relates to all the people of the state, or their property, though its operation be not equally applicable to all the parts of the state. Local laws are such as are confined to the persons and property both of a special locality. Kerrigan v. Force, 9 Hun (N. Y.) 185.
Judgment affirmed.