SOMMERVILLE, J. This suit is similar in all respects to that brought by plaintiff against W. L. Kimberlin (68 South. 197[1]), No. 20890 on the docket of this court, and decided this day. The evidence in this case shows that the defendant is a laborer in the employ of W. L. Kimberlin, engaged in driving a wagon for said Kimberlin, and that he is paid wages by the day. There was judgment in favor of defendant; and plaintiff has appealed.

For the reasons stated in the case above referred to, and particularly because of article 229 of the Constitution, which exempts clerks and laborers from license taxation, the judgment appealed from is affirmed, with costs.

---

(68 South. 199)

No. 21112.

STATE v. WILSON.

(April 12, 1915.)

*(Syllabus by the Court.)*

INTOXICATING LIQUORS ☞233—EVIDENCE — CERTIFICATE.

Where neither the record, as certified, nor the certificate, shows that the one was kept in, nor the other issued from, the office of the collector of internal revenue, or that any license was issued from that office, the certificate is not that contemplated by Act 40 of 1908; and where it appears that it was accepted, under the authority of that statute, as prima facie evidence of the guilt of a person charged with retailing intoxicating liquor, without the previous obtention of a license, the conviction will be set aside.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 293, 297, 298½; Dec. Dig. ☞233.]

Appeal from Sixth Judicial District Court, Parish of Ouachita; Ben C. Dawkins, Judge.

Helen Wilson was convicted of retailing intoxicating liquors without a license, and ap-

[1]Ante, p. 16.

peals. Conviction and sentence set aside, and case remanded.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellant. R. G. Pleasant, Atty. Gen., and F. M. Odom, Dist. Atty., of Bastrop (G. A. Gondran, of New Orleans, of counsel), for the State.

Statement of the Case.

MONROE, C. J. Defendant prosecutes this appeal from a conviction and sentence under an indictment which charges that she "on or about the 1st day of the month of August, 1914, in the parish, * * * did * * * retail spirituous and intoxicating liquors without first obtaining a license from the police jury, town, or city authorities, contrary to the form of the statutes," etc.

She asked that a bill of particulars be furnished, specifying: (1) The name of the party to whom the liquor was sold; (2) the date at which it was sold; (3) the place of sale; (4) the kind of liquor; (5) whether sold by defendant, in person, or through another; (6) the quantity sold, and whether in original or unbroken packages. The district attorney made a return in which he asked to be relieved from complying with specification 1 (which is abandoned), also from giving further information, as to time, as requested in specification 2, on the ground that the date alleged in the indictment is all that defendant is entitled to, that time is not of the essence of the offense, and further as follows:

"Respondent will, on trial of this case, rely, in part, upon documentary evidence, * * * which * * * is as follows: A certificate from the internal revenue collector for the state of Louisiana, showing that defendant is the holder of a United States internal revenue license, or permit, for the sale of intoxicating liquors, issued to her on the 30th day of * * * June, * * * 1913, and covering a period of time from said date to the 30th day of June, 1914, and that such internal revenue license, or permit, was issued to defendant within one year preceding the finding of the indictment and covering the period within which

defendant is charged with retailing spirituous and intoxicating liquors."

As to specification 3, respondent makes return that he will rely on the venue laid in the indictment.

As to specification 4, that he proposes to show that defendant sold intoxicating malt liquors, and will rely, in part, on the certificate from the collector, showing the issuance of an internal revenue license for the sale of malt liquors and covering the period within which defendant is charged with having made the sale. As to specification 5, that he asks to be relieved from complying, on the grounds: That he proposes to rely, in part, on the collector's certificate, showing the issuance of a license to defendant, within and for the year; that defendant is not charged jointly with any other person, but under R. S. § 910, with retailing intoxicating liquors, without a license, a misdemeanor of the commission of which the possession of an internal revenue license is prima facie evidence, and that it is immaterial whether the liquors were sold personally or through another, all persons participating therein being guilty as principals; and that whether she made sales personally is peculiarly within her own knowledge. As to specification 6, that he "now (not) show" (meaning does not know, perhaps) of the sale of any specific quantity of liquor, but relying, in part, upon the documentary evidence, as aforesaid, he expects to show that malt liquors were sold by defendant in broken packages and at retail.

The judge sustained defendant's objection to requests 2 and 3 and overruled those to 1, 4, 5, and 6; and a bill was reserved. The trial then proceeded, without objection, and the district attorney made the following offer:

"I offer in evidence certificate from J. H. Hynson, deputy internal revenue collector for the state of Louisiana."

Counsel for defendant objected to the offer so made on the grounds (stating them in substance):

(1) That the evidence is not connected with the fact or body of the crime charged.

(2) That it is incompetent, by legislative enactment or otherwise, to make a prior and unrelated fact presumptive proof of the commission of an offense, without proof of the act of commission.

(3) That no evidence is admissible, until the state shall have complied with the request for particulars and shall have specified the kind and quantity of liquors and by whom sold.

(4) That the evidence offered amounts to unsworn testimony of a witness who is not presented for cross-examination.

(5) That it does not show upon whose application the license referred to was issued.

(6) That it is not shown that defendant had any knowledge or notice of the issuance of such license.

(7) That the offering is incomplete, without the application for license, as required by the federal law.

(8) That no connection is shown between defendant and the license referred to.

(9) That the certificate does not conform to the statute, not being the certificate of the Collector of Internal Revenue, and that there is no evidence of the official status of the person who signs as "Deputy Collector in Charge."

(10) That the absence of the collector is not shown, and that there is no such person, officially, as "deputy collector in charge."

The objections were overruled, and bills were reserved on various points presented by them. It was then admitted that defendant had no license from the police jury on August 1, 1914. The case was closed and submitted; defendant was convicted and sentenced; a motion for new trial was filed and overruled; and a bill was reserved.

### Opinion.

The learned judge a quo ruled, correctly, that the state should, if it could, more nearly approximate the time of the commission of the offense than a 12 months, and the place than the parish of Ouachita.

We think he was also correct in not dismissing the prosecution because the state was unable, when called on for a bill of particulars, to specify the precise time or place at which the offense charged was committed, since neither were essential elements of the offense, and the time was fixed within the period of prescription and the venue laid within the jurisdiction of the court. The state cannot perform impossibilities; and, since the case was tried before the judge, the defendant, on pleading surprise, would, no doubt, have been granted a continuance. The case of State v. Selsor, 127 La. 514, 53 South. 737, cited for defendant, is not in point. There were three defendants in that case, prosecuted, jointly, for the illegal sale of liquor, and one of them moved for a bill of particulars, specifying time and place, which the court held should have been allowed, under the circumstances.

The remaining requests of the defendant, in the case at bar, were either abandoned or complied with.

Defendant's main contention, in this court, is that the certificate, relied on by the state, is not in conformity to the statute, under the authority of which it was received as prima facie evidence, and hence was inadmissible; and, as the case will be disposed of upon one of the issues involved in that contention, consideration of the several other points that have been argued in the brief of defendant's counsel will be pretermitted.

The instrument offered and admitted, as containing the certificate in question, reads as follows:

| Name. | Business. | Street Address. | Town. | Period of Time. | Amount Paid. | Date of Issue. | Stamp Number. |
|---|---|---|---|---|---|---|---|
| Pinkus, Alice. | Retail Malt Liquor Dealer. | 1022 Washington St. | Monroe. | From August, 1913, to June 30, 1914. | $16.34 | August 8, 1913. | |
| Secord, Grace. | Retail Malt Liquor Dealer. | 700 Adams St. | Monroe. | From December, 1913, to June 30, 1914. | $11.67 | December 31, 1913. | 175.74 |
| Gainsborough, Jessie. | Retail Malt Liquor Dealer. | 715 Adams St. | Monroe. | From July, 1913, to June 30, 1914. | $20.00 | June 28, 1913. | 1423 |
| Guier, Sadie. | Retail Malt Liquor Dealer. | 607 Adams St. | Monroe. | From July, 1913, to June 30, 1914. | $20.00 | July 7, 1913. | 1534 |
| Levisett, Susie. | Retail Malt Liquor Dealer. | 710 Adams St. | Monroe. | From July, 1913, to June 30, 1914. | $20.00 | July 7, 1913. | 1542 |
| Wilson, Helen. | Retail Malt Liquor Dealer. | 711 Adams St. | Monroe. | From July, 1913, to June 30, 1914. | $20.00 | June 30, 1914. | 1451 |

I hereby certify that the above is a true and correct copy of the record of this office, in the cases above mentioned.

J. H. Hynson, Jr., Deputy Collector in Charge. [Seal.]

New Orleans, Louisiana, November 4, 1914.

Neither the record, thus certified, nor the certificate, shows that the one was kept in, or the other issued from, the office of the collector of internal revenue, or that any license was issued from that office to the defendant. It is not therefore the certificate authorized by Act 40 of 1908; and, as it was accepted under the authority of that act, as prima facie evidence of defendant's guilt, it follows that she was convicted upon incompetent evidence.

It is therefore ordered that the conviction and sentence be set aside, and the case remanded, to be proceeded with according to law.