O’NIELL, J.
The defendant was convicted of retailing intoxicating liquor without a license, and, on appeal from the judgment and sentence, the conviction was annulled, and the case remanded to be proceeded with according to law. See State v. Wilson, 137 La. 19, 68 South. 199.
She was tried again on the same indictment, was convicted and sentenced to pay a fine or be imprisoned, and has appealed from the judgment and sentence.
It is recited in one of the bills of exception, approved and signed by the district judge, that the defendant was adjudged guilty upon the evidence alone of a document purporting to be a certified copy of a record kept in the office of the United States internal revenue collector, in New Orleans, and the certificate of the internal revenue collector affixed to it.
The document referred to purports to be a certified copy of a tabulated record in the internal revenue collector’s office of the name, address, and business of each person to whom a license or permit for the sale of malt liquors at retail was issued from that office, the period of time for which the license or permit was granted, the amount paid therefor, the date of issue of the license or permit, and its stamp number. The document bears the caption:
“Office of the Collector of Internal Revenue, New Orleans, Louisiana.”
The columns are headed, as they appear across the page, from left to.right, thus:
“Name;” “Business;” “Street Address;” “Town;” “Period of Time;” “Amt. Paid;” “Date of Issue;” “Stamp No.”
In the left column, headed “Name,” appears the name: “Wilson, Helen.” Opposite to it is written across the page, under the respective headings, the business, address, etc., thus: .
“Business, retail malt liquor dealer; Street Address, 711 Adam St.; Town, Monroe; Period of Time, from July, 1913, to June 30, 1914; Amt. Paid, $20.00; Date of Issue, June 30, 1913; Stamp No., 1451.”
Under the tabulated statement is the certificate, as follows, viz.:
“I hereby certify that the above and foregoing is a true and correct copy of the record kept in the office of the internal revenue collector for the state of Louisiana, and that an internal revenue license or permit for the sale of malt liquor at retail was issued from the said office to each of the parties named therein, and that this certificate is issued from the office of the internal revenue collector for the state of Louisiana, at New Orleans, Louisiana, on this the 20th day of September, 1915. [Signed] J. Y. Fauntleroy, Collector of Internal Revenue for the Collection District of Louisiana.”
The objections urged by the defendant’s counsel when the document was offered in evidence were repeated, after the objections were overruled and the evidence was introduced, in a request that the court charge or maintain the legal propositions advanced in the objections, as the law applicable to the case; and they were again repeated in a motion for a new trial. The objections were overruled in every instance, and bills of exception were reserved to the rulings.
The doctrines advanced, in the objections to the evidence on which alone the defendant was convicted, are, in substance, as follows:
(1) That the statute authorizing the introduction in evidence of a certificate of the internal revenue collector, showing that a United States internal revenue license or permit was issued to the person or persons being prosecuted for selling intoxicating liquors in violation of law, and making such certificate prima facie evidence that the defendant was guilty of retailing spirituous or intoxicating liquors in violation of law, is unconstitutional, null, and void, because it deprives the defendant of the guaranty, con- *407 tamed in article 9' of the Constitution, that the accused person in every instance shall have the right to be confronted with the witnesses against him.
(2) That the statement of J. Y. Eauntleroy, signing as collector of internal revenue for the collection district of Louisiana, “that an internal revenue license or permit for the sale of malt liquors at retail was issued from the said oflice to each of the parties named” in the tabulated statement, is merely an ex parte statement of a person who was not under oath and did not appear for cross-examination.
(3) That a certified copy of a record kept in the oflice of the internal revenue collector is not such evidence as is authorized by the Act No. 40 of 1908 (even if that statute were constitutional), and that the copy of such a record, together with the certificate that it is a true and correct copy, would be irrelevant and incompetent evidence to prove, prima facie, that the offense charged in the indictment was committed by the person accused.
The copy of the record introduced in evidence in this ease is identically the same as that which was introduced in evidence on the previous trial, except that, as printed on page 24 of 137 La., page 200 of 68 South, the caption, “Oflice of the Collector of Internal Revenue, New Orleans, Louisiana,” does not appear on the record introduced in the first trial.
The certificate of the record introduced in the previous trial was as follows:
' “I hereby certify that the above is a true and correct copy of the record of this office, in the cases above mentioned. New Orleans, Louisiana, November 4, 1914. [Signed] J. H. Hynson, Jr., Deputy Collector in Charge.”
It was held that neither the record.thus certified, nor the certificate, showed that the one was kept in, or the other issued from, the office of the collector of internal revenue, or that any license was issued from that office to the defendant, and that the certificate was therefore not the certificate authorized by the Act No. 40 of 1908. For that reason alone the conviction and sentence appealed from were annulled.
[1] The certificate attached to the record introduced in evidence on the second trial does contain the recitals that the record is kept in the office of the internal revenue collector for the state of Louisiana, that the certificate was issued from that office, and “that an internal revenue license or permit for the sale of malt liquors at retail was issued from the said office to each of the parties named therein.”
The introduction in evidence, in a criminal prosecution, of a certified copy of the record kept in the office of the internal revenue collector, would not, of itself, be sufficient proof to justify the conviction of a person accused of selling intoxicating liquor without a license. It would not prove the corpus delicti, or that the oifense charged was actually committed by any one.
Act No. 40 of 1908 does not provide that a certified copy of such a record shall be even prima facie evidence of the guilt of a person named in the record. The statute, in precise language, requires, and makes prima facie evidence of the guilt of the person accused, “a certificate from the internal revenue collector showing that a United States internal revenue license or permit was issued to such person.”
If the statute did provide merely that a certified copy of the record kept in the office of the collector of internal revenue should be admissible in evidence in a prosecution for retailing intoxicating liquor without a license, and that such certified copy of the record would be prima facie evidence of the guilt of the party accused, it would not violate the constitutional guaranty referred to, according to the decision rendered in the case of State v. Donato, 127 La. 393, 53 South. 662, where it was held that that con *409 stitutional provision had application only to witnesses, not to documentary evidence. But a certified copy of the record kept in the office of the collector of internal revenue is not, of itself, sufficient proof to warrant the conviction of a person accused of selling intoxicating liquor in violation of the law.
At common law an officer who is authorized to certify to the correctness of a copy of a record kept in his office has no authority to furnish, as evidence for the trial of a lawsuit, his interpretation of what the record contains or shows, or to certify to its substance or effect. The ex parte certificate of a public officer, as to what the records kept in his office show or prove, is not, in the absence of statutory authority, admissible in evidence on the trial of a lawsuit. That is because it is the province, not of a keeper of public records, but of the judge or jury charged with the trial and determination of the case, to interpret documentary evidence and determine its effect. See Wigmore, § 1678, note 1; Jones on Evidence (2d Ed.) p. 684, par. 543; Sykes v. Beck, 12 N. D. 242, 96 N. W. 844; McGuire v. Sayward, 22 Me. 230; State v. Champion, 116 N. C. 987, 21 S. E. 700; Francis v. Mayor, 58 N. J. Law, 522, 33 Atl. 853; Brill v. Christy, 7 Ariz. 217, 63 Pac. 757; 17 Cyc. 337. See, also, Gill v. Phillips, 6 Mart. (N. S.) 298; Seghers v. His Creditors, 10 Mart. (O. S.) 54.
[2] The Act No. 40 of 1908, authorizing the collector of internal revenue to furnish a certificate showing what his records contain or prove, and making such certificate admissible in evidence on the trial of a lawsuit, and making it prima facie proof of a relevant fact, would not violate any provision of the Constitution of this state, and would, perhaps, be valid legislation, if it had reference to civil cases. But the Legislature cannot allow an ex parte certificate from the internal revenue collector, showing that a United States internal revenue license or permit was issued to a person named in the certificate, to be admissible in evidence in a criminal prosecution, and to be prima facie evidence of the guilt of the party accused, without violating the constitutional guaranty that:
“The accused in every instance shall have the right to be confronted with the witnesses against .him.”
Undoubtedly the Legislature can provide that a certified copy of a record kept in the office of the internal revenue collector shall be prima facie evidence that any person to whom a license for the sale of intoxicating liquor has issued is engaged in selling such liquor. And such certified copy would be admissible in evidence on the trial of any person bearing the name given in the certified copy, for selling intoxicating liquor in violation of law. The introduction of a certified copy of such public record in evidence in a criminal prosecution would not violate article 9 of the Constitution. Our objection to the Act No. 40 of 1908 is that it makes an ex parte statement or certificate prima facie evidence of the guilt of a person on trial for violating a criminal statute.
We are not unmindful that this decision may be regarded as passing upon the sufficiency of the evidence in a criminal case, and we have considered that question carefully. The trial judge, in this case, has approved and signed the statement, in the bills of exception, that the defendant was con-_ victed solely upon the proof furnished by the evidence which we hold was inadmissible. The situation is therefore the same as if the trial judge had certified that the defendant was convicted without proof of the corpus delicti, or without any evidence whatever. To set aside the conviction in such a case would not be deciding a question of fact or of sufficiency of evidence, but would be maintaining that a person accused of crime can *411 not be legally convicted without proof of the commission of the offense.
In so far as the views expressed in thisi opinion cannot be reconciled with those expressed in the case of State v. Donato, 127 La. 393, 53 South. 662, where it was held that the Act No. 40 of 1908 did not violate the provisions of the Constitution of this state, that decision must be considered overruled. The decree rendered in that case, affirming the conviction, did no injustice, because the defendant in that case was convicted, not alone upon the evidence furnished by the certificate of the collector of internal revenue, but upon other evidence that was deemed sufficient by the trial judge.
Our conclusion is that the Act No. 40 of 1908, in so far as it attempts to authorize the admission in evidence of an ex parte certificate of the internal revenue collector, in a criminal prosecution, and attempts to make such certificate prima facie evidence of the guilt of a person on trial for the offense of keeping a grogshop, or of retailing intoxicating liquors in violation of law, violates the guaranty provided in article 9 of the Constitution of this state, that “the accused in every instance shall have the right to be confronted with the witnesses against him.” The statute is therefore invalid.
The conviction and sentence appealed from are annulled, and it is ordered that this case be remanded to the district court, to be proceeded with according to law.