MONROE, C. J.
Defendant was prosecuted under two bills of information, numbered, respectively, 16/960 and 16/962, in the district court, upon a charge of using the name another in ordering and receiving intoxliquor, in territory in which the sale such liquor is prohibited; the charge, in case, being that the liquor was ordered received in the name of Sam Scott, about 17th of February, and in the other, that ivas ordered and received in the name of Cole, on the 21st of February, 1917. the purposes of this appeal and the prosecution” (say the counsel) “the two cases been consolidated.”
Act No. 23 of 1915 (Ex. Sess.) under which is said defendant is prosecuted, contains following, among other provisions, to
“Section 4. * * * That it shall be unlawfor any common carrier, person, or corporation to deliver any intoxicating liquors, in any territory of this state where the sale of such liquor is prohibited by law or ordinance, to any other person than the consignee, or his agent authorized in writing-, and without taking a written receipt signed by the consignee, or agent authorized in writing, which receipt shall be sent within ten days to the clerk of court of the parish of district in which the liquor is received, and it shall be admitted in evidence in the courts of this state. * * *
“Section 8. * * * That it shall be unlawful for any person to use the name of another in ordering or receiving shipments of intoxicaiñg liquor in prohibited territory, and it shall likewise he unlawful for any person to permit the use of his name to another for such purpose.”
1. Bills of exception were reserved to the overruling of motions for bills of particulars, showing: (1) The names of persons from whom the liquor was ordered; (2) the exact dates of the orders for and receipt of the liquor; (3) by whom the liquor was received; whether received by defendant, iu person, by whom received and where; (4) whether the names used in the bills of information are those of real or fictitious persons; (5) the names of the witnesses who were to testify for the prosecution.
[1, 2] It will be observed that the offense denounced by the statute, other than as against those who ship, receive for shipment, transport, or deliver intoxicating liquor, into *201 prohibition territory, is the making use of tbe name of another in ordering or receiving such shipments or deliveries; and, considering section 8, alone, it might be said that the offense is committed only when a person using the name of another, himself actually orders or receives the liquor. On the other hand, we And that section 4 makes it unlawful for a carrier or other person or corporation to deliver such liquor to any other person than the consignee, “or his agent authorized in writing,” from which, it would appear that, quoad the consignee, the intention was to make it an offense for him to use the name of another in ordering or receiving the liquor, either personally or through an agent authorized in writing, and that view seems to be accepted by defendant, since he has raised no question concerning it. The bills of information inform him that he is charged with ordering and receiving liquor in the names of Tom Cole and Sam Scott, and if, upon the trial of the cases, evidence was offered tending to show that, whilst using the names of others, he acted through agents authorized in writing, it was his privilege to have objected to it, and the objection would, perhaps, have been good, unless, indeed, as may have been the case, he acted as his own agent, and also used the names of others in that connection. We are of opinion that the law, in declaring that “it shall be unlawful for any person to use the name of another in ordering or receiving,” etc., is to be interpreted as meaning that it shall be unlawful for any person to use a name other than his own for the purpose stated, and that it is therefore ’ immaterial whether the names which defendant is charged with having used were those of persons known to exist or of fictitious persons. As to the other requests contained in defendants’ motions for bills of particulars, we find nothing in the record to indicate that it was necessary to his defense that he should have been informed of the names of the persons from whom he is thought to have ordered and received the liquor, or, more particularly informed as to the time ánd place of such receipt; and the state was under no obligation to furnish Mm with the ■names of its witnesses. If he felt that he was prejudiced by the ruling complained of, he might have so alleged in a motion for new trial, and have sustained his allegation by evidence, wbicb would have afforded the trial judge and this court a better opportunity to review that ruling. As the matter stands, we find no reason to doubt that the discretion vested in the trial judge has been properly exercised.
[3] 2. Bills were reserved which contain the recitals, in substance, that one Kelso, “a whisky salesman, under arrest, charged with soliciting orders for intoxicating liquors, in prohibited territory, under a number of counts, and who turns state’s evidence in tbis case,” was asked by the District Attorney if defendant gave him an order on or about tbe 21st day of February, 1917 “(and on or about tbe date charged in the other bill)” and that tbe witness thereupon—
“attempted to refer to an order book, which he held in his hand, claiming that he could not testify in whose name the order was given without referring to said book, as he had made some kind of memoranda on the day he took the order from defendant, and had carried the same to Ms room and there copied it in the book, and that he had destroyed the memoranda,” etc.
Whereupon he was allowed to read from .the book in order to refresh his memory, to which defendant objected, on the ground that the book purported to contain a copy of the original order, as taken at the time that it was said to have been given, which copy was made some time afterwards, and, on the further ground that the witness had no independent recollection of the matter charged against defendant. The statement per curiam, incorporated in the bill, is to tbe effect that the witness did not say that he had no independent recollection of the transac *203 tion, but, to tlie contrary, said that lie knew that he took orders from defendant for liquor, and that he was permitted to refer to the books for the purpose of refreshing his memory as to the names in which defendant had instructed him to ship the liquor.
We find no error in the ruling. Both the original memoranda and the copy were made by the witness himself, and our inference from the recital in the bill (“had made some kind of memoranda on the day that he took the order from the defendant and had carried same to his room and there copied it in the book”) is that the copying in the book was done within so short a time as to place the copy on the footing of the original. Moreover, there is authority to the effect that a copy of a memorandum may be used to refresh the memory of a witness, when the original has been lost or destroyed and the witness knows the copy to be correct, even though not made by himself. 40 Oyc. 2461, 2462, and notes.
[4] 3. Bills were reserved to the admission in evidence of receipts purporting, in the one case, to be signed by Tom Cole, “by Will Noyd,” and in the other by Sam Scott, “by Will Noyd,” and reading, mutatis mutandis, as follows:
“Shreveport, Louisiana, 2/27/17.
“I hereby state that my name is Tom Cole; that iny post office address is 318 Beauregard Street alley, Shreveport, La.; that I am more than 21 years of age; that I am the consignee to whom shipment containing 4 qts. whisky, intoxicating liquor, consigned by Wolf & Co., Alexandria, La., on 2/22/17, for my own personal or family use, and that the same has been delivered to me by American Express Company, at Shreveport, La., on this 27th day of February, 1917. [Signature] Tom Cole.
“By Will Noyd, Agent of Consignee.”
Defendants’ grounds of objection to the admission of the receipts in evidence and the ruling of the court thereon are stated as follows (with requisite changes to adapt same to the respective cases) to wit:
“Whereupon defendant objected to said receipt being offered in evidence as it had not been shown, and was not shown that it was signed by defendant himself, or under his orders or instructions, and was not identified with defendant in any way, and for the further reason that the best evidence of the receipt of the whisky would be the testimony of Tom Cole, the consignee, and his agent, Will Noyd, and that, by the filing in evidence of this receipt or piece of paper, and not producing the consignee, Tom Cole, or his agent, Will Noyd, the defendant is deprived of the right to cross-examine said witnesses ; and, further, that the offering of said receipts, signed by Tom Cole and not being identified with defendant since he was charged with using the name of said Tom Cole in ordering intoxicating liquors in prohibited territory.”
“Which said objection was overruled by the court for the following reasons:
“To corroborate the statement of the witness that he had received an order for shipment in the name of Tom Cole.”
According to the statement made by the trial judge, in signing the preceding bill, the witness Kelso testified that he had received orders for liquors from defendant; and he was allowed to refresh his memory as to the names used by defendant for the purposes of that traffic. We are bound to presume that he testified that those names were Tom Cole and Sam Scott, otherwise the receipts purporting to be so signed would not have corroborated his testimony. The law provides that such receipts shall be taken by the carrier and sent to the clerk of the court, and shall be admitted in evidence, and we have held that it is competent for the General Assembly to make the records of a public office, or certified copies thereof, admissible in evidence, though not the mere certificates' of the officer at to what (in his opinion) his records show. State v. Maddox, 140 La. 718, 73 South. 783; State v. Wilson, 137 La. 19, 68 South. 199; State v. Wilson, 141 La. 404, 75 South. 95.
Whether the evidence adduced identified the defendant, to the satisfaction of the trial • judge, with the receipts here in question was a question for the trial judge alone to determine. The receipts constituted merely a link in the chain' of evidence, and were properly admitted.
*205 4. The remaining bill (here insisted on) was reserved to the refusal of the judge to accept, as in the nature of charges to himself, two (out of three) propositions of law that were submitted for his consideration, to wit:
“(2) That defendant cannot be found guilty, as charged, unless the prosecution shows beyond a reasonable doubt that the intoxicating liquors, if ordered by him, must have been for an illegal use, and that such liquors so ordered were actually shipped and delivered to defendant in prohibition territory.
“(3) That it is not a violation of section S of Act 23 of 1915 [Ex. Sess.] to purchase intoxicating liquor from the agent of a liquor dealer, when such liquor had been previously ordered out from the liquor dealer by said agent in the name of another person and without the knowledge of the defendant, and, since the evidence shows that Kelso, the agent of Wolf & Co., liquor dealers of Alexandria, La., ordered such liquors in the name of another, and had the same shipped without orders from defendant, and carried such liquor in the office of the express company at Shreveport, La., marked in various persons names, such liquors were or-, dered by said Kelso in the name of another and not by defendant, and therefore the defendant, in that he purchased said whisky from Kelso, not knowing in whose name it had been ordered or shipped, cannot be convicted for ordering intoxicating liquor in the name of another in territory where the sale of intoxicating liquors is prohibited.”
The statement per curiam is:
“There is no evidence which would authorize the third requested charge.”
As we have stated, the offense witli which defendant is charged is, not with ordering liquor whether for legal' or illegal use, but with using the names of others, in the ordering and receiving of shipments of liquor in prohibited territory.
[5] And (as to the third requested charge) it is well settled that a trial court is under no obligation to give instructions which are inapplicable to the case as disclosed by the evidence. State v. Hamilton, 41 La. Ann. 317, 6 South. 540; State v. Harris, 51 La. Ann. 1105, 26 South. 64; State v. Matthews, 111 La. 966, 36 South. 48; State v. Anderson, 120 La. 331, 45 South. 267.
The convictions' and sentences appealed from are therefore
Affirmed.
LECHE, J., takes no part.