**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000477
17-APR-2015
08:15 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---oOo---

STATE OF HAWAI'I, Plaintiff-Appellee, v.
UBALDO A. CRUZ, Defendant-Appellant

NO. CAAP-12-0000477

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1724)

APRIL 17, 2015

FOLEY, PRESIDING JUDGE, FUJISE AND LEONARD, JJ.

OPINION OF THE COURT BY FUJISE, J.

In this appeal stemming from a criminal prosecution,[1] we are asked to consider another permutation of Crawford:[2] Whether the foundation for the admission of business records which may be laid by way of declaration under our rules of evidence must meet the live testimony and cross-examination requirements of the Confrontation Clause.[3]

---

[1] Judgment was entered by the Circuit Court of the First Circuit (Circuit Court). The Honorable Dexter D. Del Rosario presided over the trial and entered the Judgment.

[2] Crawford v. Washington, 541 U.S. 36 (2004).

[3] We note that, although Cruz purports to rely on the Confrontation Clause of both the United States and the Hawai'i Constitutions, he makes no
(continued...)

Background

This case arises out of sexual assaults committed by Defendant-Appellant Ubaldo A. Cruz (Cruz) against his neighbor's daughter (CW) over three days in October, 2009. At the time of these assaults, Cruz was 49 years old and CW was 15 years old. The prosecution's theory of the case was based, in part, on Cruz's phone calls to CW on her cellular telephone throughout the three-month period of August, September, and October of 2009. To this end, the State filed, on May 10, 2010, a "Declaration of Custodian of Business Records" (Custodian Declaration) created and sworn to by the custodian of records for T-Mobile USA, Cruz's carrier.

Cruz moved for an order excluding, among other things,[4] "Testimonial or documentary evidence relating to T-Mobile Telephone records [for a specified telephone number.[5]]" The Circuit Court denied this request, but did not rule on Cruz's argument that the failure to call the custodian of records to

---

[3](...continued)
argument that a different analysis or result should obtain under the Hawai'i Constitution. We therefore deem the argument waived.

[4]     Cruz's motion also sought exclusion of

        (b)     Testimonial or documentary evidence relating to "missed calls" and "received calls" from an anonymous number made to the complaining witness's cellular telephone between October 23, 2009 and October 29, 2009.

        (c)     Testimonial or documentary evidence relating to twelve (12) UNDATED voicemail messages found in the complaining witness's cellular telephone.

        (d)     Testimonial or documentary evidence relating to videos found in the complaining witnes's [sic] cellular telephone depicting her singing and/or lip syncing to certain songs.

On the first day of trial, the Circuit Court granted Cruz's motion with regard to item (b) and denied the motion with regard to items (a) and (c). Cruz withdrew his motion as to item (d).

[5]     Defense counsel later clarified that the telephone number included in the motion was in error, that his intent was to exclude records for Cruz's telephone number.

testify at trial was a violation of Cruz's right to confront under Crawford.

The following day, the matter was taken up again as the prosecution sought to introduce the records.

> [PROSECUTOR]: Your Honor, at this time, the State will introduce into evidence State's 19, which is a certified copy of a declaration of custodian of records from T-Mobile USA, and State's 20, which are business records from T-Mobile.
>
> . . . .
>
> [CIRCUIT COURT]: [Prosecutor], how will you establish that they are business records other than your statement that they are business records?
>
> [PROSECUTOR]: It's in the declaration from T-Mobile that these are business records.
>
> [CIRCUIT COURT]: And there's a stipulation to admit the declaration of the custodian of records?
>
> [DEFENSE COUNSEL]: No, Your Honor, this was the basis of our objection previously made in the motion in limine.
>
> [PROSECUTOR]: And, Your Honor, this is offered pursuant to Hawaii Rules of Evidence 902, sub (11).[6] What

---

[6] Hawaii Rules of Evidence (HRE) Rule 902(11) reads:

(11) Certified records of regularly conducted activity. The original or a duplicate of a domestic or foreign record of regularly conducted activity that would be admissible under rule 803(b)(6), if accompanied by a written declaration of its custodian or other qualified person, certifying that the record was:

   (A) Made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

   (B) Kept in the course of the regularly conducted activity; and

   (C) Made by the regularly conducted activity as a regular practice.

   The declaration shall be signed in a manner that, if falsely made, would subject the maker to a criminal penalty under the laws of the state or country where the declaration is signed. A party intending to offer a record into evidence under this paragraph shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of that intention to all adverse parties, and shall make the record and declaration

(continued...)

it is, it's a declaration of a custodian of records that allows the State to admit these records in without bringing the custodian into court.

. . . .

[DEFENSE COUNSEL]: Your Honor, the same basis for my objection. This is -- first of all, from what the State is citing, I don't see anything that covers business records. And in the contemplation of business records, under the hearsay rule, what it requires is a custodian of records that would attest to the fact that these are business records subject to cross-examination. Our motion in limine had not contemplated the fact that there would be a <u>Crawford</u> violation in this case because we would be denied the opportunity to cross-examine this custodian of records regarding whether or not --

[CIRCUIT COURT]: How would this be a Crawford violation?

[DEFENSE COUNSEL]: Because we would not be able to confront the custodian of records regarding what these business records are, how are they relevant in this particular --

[CIRCUIT COURT]: Is that the criteria for determining whether this is Crawford material?

[DEFENSE COUNSEL]: Your Honor, in determining whether or not there's a violation of Crawford, the analysis would be whether or not the proffered evidence is testimonial in nature. In this particular case, the declaration of the custodian of records, because it's a declaration, would be deemed testimonial in nature, and it would require that that person be subject to prior cross-examination or confrontation at least, especially in light of the fact that the State is trying to proffer evidence of telephone records which this custodian of records would be testifying to.

[PROSECUTOR]: And, Your Honor, business records are specifically excluded under Crawford.

[CIRCUIT COURT]: Okay. Over objections, the court will permit.

The Circuit Court admitted both the Custodian Declaration and Cruz's cell phone records (Phone Records) in evidence.

Cruz was found guilty as charged based, in part, on the T-Mobile phone records and brings this timely appeal. We affirm.

---

[6] (...continued)
available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

## Discussion

The sole issue presented in this appeal is whether the Circuit Court erred when it admitted the Custodian Declaration over Cruz's constitutional objection. Cruz does not argue that the averments in the Custodian Declaration were insufficient to establish that the phone records were business records under HRE 803(b)(6). Rather, Cruz argues that the admission of the self-authenticating Custodian Declaration, was a violation of his right to confront T-Mobile's custodian of records. "We answer questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case. Thus, we review questions of constitutional law under the right/wrong standard." State v. Pratt, 127 Hawai'i 206, 212, 277 P.3d 300, 306 (2012) (citations and internal quotation marks omitted).

In Crawford, the United States Supreme Court reaffirmed the criminal defendant's right, under the Confrontation Clause of the Sixth Amendment to the United States Constitution, to confront the witnesses against him or her, holding that the Confrontation Clause

> applies to "witnesses" against the accused--in other words, those who "bear testimony." "Testimony," in turn, is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact. . . .
>
> Various formulations of this core class of "testimonial" statements exist: "*ex parte* in-court testimony or its functional equivalent--that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially," "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial[.]"

Id. at 51-52 (citations and brackets omitted).

In Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), arising out of a prosecution for drug offenses, the Court examined "certificates of analysis" showing the results of the forensic analysis performed on the seized substances. The Court rejected the prosecution's argument that these certificates were

business records because, even if regularly produced in the course of their business, the analysts' business was to produce evidence for trial and therefore the certificates were testimonial. 557 U.S. at 321-22. In doing so, the Court pointedly addressed what was only mentioned in passing in Crawford:

> Respondent also misunderstands the relationship between the business-and-official-records hearsay exceptions and the Confrontation Clause. As we stated in Crawford: "Most of the hearsay exceptions covered statements that by their nature were not testimonial--for example, business records or statements in furtherance of a conspiracy." 541 U.S., at 56, 124 S.Ct. 1354. Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because--having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial--they are not testimonial.

557 U.S. at 324. See also State v. Fitzwater, 122 Hawai'i 354, 365, 227 P.3d 520, 531 (2010) (applying the Melendez-Diaz analysis to "speed check cards" that documented the test results of police vehicles' speedometers and concluding they could qualify as non-testimonial business records). Pertinent to the issue before us, the Melendez-Diaz court discussed a document akin to the Custodian Certificate:

> The dissent identifies a single class of evidence which, though prepared for use at trial, was traditionally admissible: a clerk's certificate authenticating an official record--or a copy thereof--for use as evidence. See post, at 2552 – 2553. But a clerk's authority in that regard was narrowly circumscribed. He was permitted "to certify to the correctness of a copy of a record kept in his office," but had "no authority to furnish, as evidence for the trial of a lawsuit, his interpretation of what the record contains or shows, or to certify to its substance or effect." State v. Wilson, 141 La. 404, 409, 75 So. 95, 97 (1917). See also State v. Champion, 116 N.C. 987, 21 S.E. 700, 700-701 (1895); 5 J. Wigmore, Evidence § 1678 (3d ed. 1940). The dissent suggests that the fact that this exception was "'narrowly circumscribed'" makes no difference. See post, at 2553. To the contrary, it makes all the difference in the world. It shows that even the line of cases establishing the one narrow exception the dissent has been able to identify simultaneously vindicates the general rule applicable to the present case. A clerk could by affidavit authenticate or provide a copy of an otherwise admissible record, but could not do what the analysts did here: create a record for the sole purpose of providing evidence against a defendant.

557 U.S. at 322-23. Consistent with this notion, federal courts have uniformly held that an affidavit that serves to authenticate a business record pursuant to Federal Rules of Evidence Rule 902 (11) is non-testimonial and admissible under the Confrontation Clause. U.S. v. Yeley-Davis, 632 F.3d 673, 680 (10th Cir. 2011) ("we agree with other circuits who have held that certificates of authenticity presented under Rule 902(11) are not testimonial."); U.S. v. Mallory, 709 F. Supp. 2d 451, 454 (E.D. Va. 2010) ("Thus, because it does not attempt to describe or decipher the content of the business record, it is plain, under Melendez-Diaz, that this declaration falls within the authentication exception and therefore does not trigger the confrontation right."); see also, 30B Fed. Prac. & Proc. Evid. § 7034.1 at n.7 (2014 ed.)

The Custodian Declaration complies with HRE 902(11):

I, Dominick Kaserkie, hereby declare and affirm based on information and belief that the following is true and accurate to the best of my knowledge:

1. I am employed by T-Mobile USA, Inc. in the Law Enforcement Relations Group.

2. My duties include acting as a "custodian of records" on behalf of T -Mobile USA, Inc.

3. I am authorized to represent T-Mobile USA, Inc., for purposes of this proceeding.

4. T-Mobile USA, Inc. maintains records relating to T-Mobile USA. Inc. subscribers.

5. These records include identifying information such as the name of the subscriber assigned to a specific telephone number and call logs for a subscriber's telephone number documenting both incoming and outgoing calls made by a T-Mobile USA, Inc. subscriber.

6. These records are made and kept in the regular course of business at T-Mobile USA, Inc.

7. These records are generated at or near the time that a T -Mobile subscriber uses his cellular phone to make or receive telephone calls.

8. These records are generated and maintained by employees of T-Mobile USA. Inc.

9. As part of my job, I have access to, and custody of, these records.

10.    Pursuant to a subpoena, I retrieved true and accurate copies of T-Mobile subscriber information associated with MSISDN [Cruz's cell number].

11.    T-Mobile USA, Inc. subsequently turned over a copy of these records to the Honolulu Prosecutor's Office on January 14,2010.

12.    The records provided to the Honolulu Prosecutor's Office consist of a true and accurate copy of the records maintained by T-Mobile USA, Inc. for T-Mobile subscriber associated with MSISDN: [Cruz's cell number].

13.    These records are kept in the course of regularly conducted activity at T-Mobile USA, Inc.; they are made at or near the time of the acts or events described therein; and they are made as part of the regular practice of T-Mobile USA Inc.

I, Dominick Kaserkie, declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

Cruz does not argue that the Custodian Declaration attests to anything other than the facts necessary to establish the foundation of the T-Mobile records described therein as business records of T-Mobile.  Therefore, it was not a violation of the Confrontation Clause to admit the Custodian Declaration into evidence.

### Conclusion

Based on the foregoing, we affirm the April 11, 2012 Judgment of Conviction and Probation Sentence of the Circuit Court of the First Circuit.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defedant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.