PRQVOSTY, J.
By article 84 of the Constitution it is provided that the judicial power shall be vested in the courts created by the Constitution itself; but by article-96 the Legislature is authorized to create city courts with certain civil and criminal jurisdiction, and under that authority the city court of *657 "the city of Crowley was created. The relatrix was convicted in it of libel, under section 804, Rev. St., and was sentenced to a fine of $30 or imprisonment for 30 days. She appealed to the district court, in pursuance of Act No. 27 of 1900, p. 32, which makes all appeals from the city court returnable to the district court. The district court dismissed "the appeal for want of jurisdiction; the judge taking the view that jurisdiction of •such appeals is not given to his court by the •Constitution, and cannot be given by the Legislature. Our learned Brother cites the •case of Hart v. Judge, 113 La. 654, 37 South. 546, but that case is not in point. In it a ■sentence of $1,000 or two years’ imprisonment had been imposed, and consequently the appellate jurisdiction of the case belonged, under express provision of the Constitution, to the Supreme Court, and the question presented was whether the Legislature can divest a jurisdiction conferred by the Constitution, or, what would amount practically to the same thing, can render such Constitution nugatory by conferring a concurrent jurisdiction upon another court. Necessarily the decision was that this could not be done, and that said act was in consequence unconstitutional in so far as it undertook so to do. But the instant case stands upon an entirely different footing. No court has appellate jurisdiction of it under the Constitution; and the question presented is whether the Legislature may enlarge the jurisdiction of one ■of the district courts so as to embrace a case that would otherwise not be appealable to any court.
We do not see why not. The rule is, as expressed by Black, Const, p. 301, that:
“The Legislature of a state may lawfully enact any law, of any character, on any subject, unless it is prohibited, in the particular instance, either expressly or by necessary implication, by the provisions of some law which it is bound to regard as supreme.”
And we find in our Constitution no such express or implied restriction upon the right of the Legislature to legislate upon the jurisdiction or powers of the district court. We do not find it in the division of the powers of government and their separate assignment to the three departments — the legislative, the executive, and the' judiciary — since the action of conferring jurisdiction upon a court is not an exercise of the judicial, but of the legislative, power. Nor do we find it in the verbiage of the article regulating the jurisdiction of the district court; since the language is affirmative, and not negative, or otherwise limitative. It is the effect that the district court “shall have jurisdiction of” such and such cases. The requirement that a court shall have jurisdiction of certain specified cases does not give rise to a necessary implication that the Legislature shall be inhibited from conferring upon such court jurisdiction of other cases.
Indeed, very far from finding in the Constitution anything giving rise to a necessary implication against the right of the Legislature to extend the jurisdiction of the district court, we find not a little giving rise to an implication in favor of the right. Thus article 48: “The Legislature shall not pass any local or special law regulating the practice or jurisdiction of any court.” (Ergo, it may pass to that effect a general law, and Act. No. 27 is a general law.) Article 96: “No duties or functions shall ever be attached by law to the district court, * * * except such as are judicial.” (Ergo, there may be attached additional functions such as are judicial.) Article 114: “No judge shall be affected in his * * * jurisdiction as to territory or amount during the term or period for which he was elected. * * * No judicial power except as committing magistrates in criminal cases, shall be conferred on any officer other than those mentioned in this title.” (Ergo, additional judicial power may be conferred upon those officers “mentioned in this title”; i. e., district judges.)
*659 Nor is this all. The Constitution, provides an appeal to the district court from every petty conviction in mayor’s and recorder’s courts of violations of municipal ordinances, and from justice of the peace courts in all civil matters, regardless of the amount in dispute and even from all orders requiring peace bonds. Article 111. It authorizes the Legislature to confer jurisdiction upon justices of the peace to try misdemeanors, but provides that, if this is done, there shall be a jury, and an appeal to the district court in every ease. Article 126. A justice of the peace court with this enlarged jurisdiction has precisely the same jurisdiction as the so-called city court. In fact, the language of Article 96 is that the Legislature “may abolish the justice of the peace courts and create in their stead” the so-called city courts. The judge of the city court is not required to be learned in the law any more than is the justice of the peace; the only difference between the two being that the city -court judge is not aided by a jury and the manner of his selection is not prescribed by the Constitution, whereas the justice of the peace with this enlarged jurisdiction is required to be assisted by a jury and to be elected by the people.. Now, we ask, is it probable that after thus studiously providing an appeal from -every judgment, even the most trifling, which these courts presided over by laymen may render, the Constitution should have intended that, in the event the Legislature abolished one of these courts and created another of precisely the same character to take its place, it should be prohibited from allowing an appeal from the judgment of such courts? The thing is not credible. And, be it noted, the prohibition would extend as well to appeals in civil matters, for no exception is made in favor of civil matters. Prom the judgment of the justice of the peace in a civil case for 1 cent, or on a $2 peace bond, there would be an appeal; but from the judgment of his brother laymen of the city court there would be no appeal, though for $100 and the peace bond for $100,000. Prom the judgment of the justice of the peace assisted by a jury, in a criminal case, there would bean appeal if the sentence were for $1 or for one day. Prom the judgment of his laymen brother of the city court, untrammeled by the appendage of a jury, there would be no-appeal, though for $299 or 179 days. If such a thing were, it could only be because the framers of the Constitution had more confidence in a “judge not assisted by a jury and not required to be elected by the people than, in one so assisted and elected. If so, it maybe asked, why provide the jury for the justice .or require him to be elected by the-people?
In article 96 the language is, “Criminal, jurisdiction which shall not extend beyond-' the trial of offenses not punishable by imprisonment at hard labor,” and in article 126-it is, “Criminal jurisdiction over misdemeanors,” and hence there is a difference in the-verbiage of the two articles; but there is no difference in their meaning, for a misdemean- or is nothing more or less than an 'offense-not punishable by death or imprisonment at hard labor. A misdemeanor is defined to be“an indictable offense which does not amount to felony” (A. & E. E. of L. vol. 20, p. 802; volume 8, p. 281); and felony is defined to be-offense punishable by death or imprisonment at hard labor. Hen. Dig. p. 856, No. 4.
We conclude that the Hart Case is not a-precedent for the present case, and that there-is nothing in the Constitution to prevent the-General Assembly from legislating upon the-subject of the appellate jurisdiction of the-courts, whenever it can be done without conflicting with any jurisdiction already conferred by the Constitution.
It is therefore ordered, adjudged, and decreed that the judgment dismissing the appeal of the relatrix be set aside, that the- *661 mandamus herein he now made peremptory, and that the respondent judge be, and he is hereby, directed to reinstate upon the docket of his court the said appeal of relatrix, to be fried according to law.