LAND, J.
We excerpt the following “Statement of the Case” from the brief for the prosecution: .
“The defendant, O. H. Theriot, was convicted by a jury under Act 43 of the General Assembly of 1912, making it an offense to obtain or attempt to obtain money by means of the confidence game. A motion in arrest of judgment was filed and maintained by the trial court on the ground that the term ‘confidence game’ is so broad and comprehensive as to leave it uncertain whether a given act comes within the legislative intention or not.
“The provision of the act relative to false or bogus checks is not attacked, and the court has only held unconstitutional that provision ‘by any other means, instrument or device, commonly called the confidence game.’
“The state has appealed, and we shall confine ourselves to the limits of the decision of the trial court.”
The act in question reads .as follows:
“Section 1. Be it enacted by the General Assembly of the state of Louisiana, that every person who shall obtain or attempt to obtain from any other person, or persons any money or property, by means or by use of any false or bogus checks, or by any * * * means, instrument or device, commonly called the confidence game, shall be imprisoned with or without hard labor for not less than three months nor more than five years.
“Sec. 2. Be it further enacted, etc., that in every affidavit, information or indictment * * * it shall be deemed and held a sufficient description of the offense to charge that the accused did, on, etc., unlawfully and feloniously obtain, or attempt to obtain (as the case may be) from A. B. (here insert the name of the person or persons defrauded or attempted to be defrauded and the manner in which he was defrauded, or the attempt to defraud was made), his money (or property, in case it be not money) by means and use of the confidence game.”
*744 The indictment conforms to the statute, and sets forth the false representations and other means by which the accused obtained the indorsement of one Dr. D. S. Perkins for the sum of $700.
Our learned brother below, in a well-considered opinion, assigned his reasons for sustaining the motion in arrest of judgment. His principal objection to the statute is that it does not contain a definition of the term “the confidence game,” which is not defined under any other law of the state; and that without such a definition the words “or by any other means” are too vague and indefinite to inform the defendant of the nature of the accusation against him. The judge cited State v. Gaster, 45 La. Ann. 639, 12 South. 739, where the offense charged was “misdemeanor in office,” which was not defined by the statute there in question, or any other law of the state. The judge also cited State v. Hayes, 105 La. 352, 29 South. 937, where the court upheld a statute denouncing “bigamy,” for the reason that the word was a legal term, which had but one meaning. The judge also referred to State v. Comeaux, 131 La. 930, 60 South. 620, holding that a statute denouncing, but not defining, the crime of “indecent assault,” was void for uncertainty.
In this case, the question is whether that form of swindling, called “the confidence game,” is sufficiently well known to the public to inform the accused of “the nature and cause of the accusation against him,” as required by article 10 of the state Constitution.
The indictment and bill of particulars in this case set forth the- facts on which the charge is based.
“Confidence game” is defined as “any swindling operation in .which advantage is taken of the confidence reposed by the victim in the swindler.” Webster’s International Dictionary, verbo; 8 Cyc. 564.
Act 43 of 1912, denouncing “the confidence game,” is broader than a similar statute passed in the state of Illinois a number of years ago, in that the former requires the indictment to set forth the means employed by the alleged swindler. The constitutionality and sufficiency of the Illinois statute has been affirmed in Morton v. People, 47 Ill. 468; Maxwell v. People, 158 Ill. 248, 41 N. E. 995; and in Graham v. People, 181 Ill. 477, 55 N. E. 179, 47 L. R. A. 731.
In the Morton Case, the court said:
“The nature and character of the so-called confidence game has become popularized in most of the cities and large towns, and even in the rural districts, of this broad Union, and is well understood.”
But no attempt was made to give a definition that should be applicable to all cases. Speaking of the devices referred to in the statute, the same court said:
“As these devices are as various aS the mind of man is suggestive, it would be impossible for the Legislature to define them, and, equally so, to specify them'in an indictment; therefore the Legislature has declared that an indictment for this offense shall be sufficient if the allegation is contained in it that the accused did, at a certain time and place, unlawfully and feloniously obtain * * * the money or property of another by means and use of the confidence game, leaving to be made out by proof the nature and kind of the devices to which resort was had.”
The court further said:
“We think that the facts of the case show a swindling operation, in which advantage was taken of the confidence reposed by the prosecuting witness in the plaintiff in error, who is unquestionably shown to have been a swindler.”
A statute similar to the Illinois law was declared unconstitutional as to the form of the indictment by the Supreme Court of Missouri, in. State v. Cameron, 117 Mo. 371, 22 S. W. 1024, in that it did not inform the defendant of the nature and cause of the accusation and the act he is required to defend.
The court, inter alia, said:
“How the defendant was to know the nature of the accusations against him, under the indictment, and to prepare to defend himself against them, is difficult to conjecture/ Who is *746 to determine what a confidence game is; what are false and fraudulent representations or pretenses, unless the facts which constitute such offenses are set forth in the indictment that the court may determine, and that the defendant may know, what he is charged with and what charges he must prepare to meet?”
No such objection can be urged against section 2 of Act 43 of 1912, as it requires the indictment to set forth the manner in which the person was defrauded or the attempt to defraud was made, or, in other words, the facts of the ease.
The question of the constitutionality of Act 43 of 1912 is debatable, and may be doubtful; but the opposition between the Constitution and the law is not sufficiently clear and strong to warrant us in decreeing their incompatibility. State v. Taylor, 34 La. Ann. 981, citing Fletcher v. Peck, 6 Cranch (U. S.) 87, 3 L. Ed. 162.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that this cause be remanded, with directions to the judge below to overrule defendant’s motion in arrest, and for further proceedings according to law.
O’NIELL, J., dissents.