(III So. 474)

No. 28358.

## STATE v. ECHEVERRIA.

(Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

I. **Indictment and information** ⊸56—**Statute denouncing offense of defrauding by means of "confidence game" held not unconstitutional for failure to define terms (Act No. 43 of 1912; Const. 1913, art. 10).**

Act No. 43 of 1912, denouncing offense of defrauding by means of confidence game, *held* not to violate Const. 1913, art. 10, by not defining "confidence game," and "or by any other means"; "confidence game" being any swindling operation in which advantage is taken of confidence reposed by victim in swindler.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Confidence Game.]

2. **False pretenses** ⊸26—**Indictment for defrauding by means of confidence game need not allege that payment of bogus draft was refused (Act No. 43 of 1912, § 2).**

Indictment for defrauding by means of confidence game need not allege that false and bogus draft, which was means used, was presented for payment and payment refused, in view of Act No. 43 of 1912, § 2, stating what indictment should set out.

Appeal from Twenty-First Judicial District Court, Parish of Tangipahoa; Columbus Reid, Judge.

A. J. Echeverria was convicted of obtaining property with intent to defraud by means of the confidence game, and he appeals. Affirmed.

B. B. Purser and Purser & Magruder, all of Amite, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and A. L. Ponder, Jr., Dist. Atty., of Amite, for the State.

OVERTON, J. Defendant was charged with, convicted of, and sentenced for, willfully and feloniously obtaining property of the value of $166.45 from one L. B. Hoover, with the intent to defraud him, by use and means of the confidence game; the means used being a false and bogus draft, which defendant knew to be worthless.

[1] Defendant moved to quash the indictment on the ground that Act 43 of 1912, which is the act denouncing the offense which the indictment charges, is unconstitutional, for the reason that it violates article 10 of the Constitution of 1913, under which it was passed, by not defining the term "confidence game," which term, it is alleged, is not defined by any other law of this state, and by not defining the expression, which reads, "or by any other means," to be found in the first section of the act, which section reads as follows:

"That every person who shall obtain or attempt to obtain from any other person, or persons any money or property, by means or by use of any false or bogus checks, or by any other means, instrument or device, commonly called the confidence game, shall be imprisoned with or without hard labor for not less than three months nor more than five years."

The constitutionality of this act was attacked in State v. Theriot, 139 La. 741, 72 So. 191, L. R. A. 1916F, 683, on identically the same ground upon which it is here attacked, and the court upheld its constitutionality, after a full consideration of the question. In People v. Bertsche, 265 Ill. 272, 106 N. E. 823, Ann. Cas. 1916A, 729, an act, similar to the one here involved, was attacked on the ground that the statute was uncertain, which is virtually the ground here urged, in its definition of the offense denounced, but the court overruled the attack, saying that—

"No more certain definition could be given than that method of swindling called the confidence game. The means that may be used are different and varied, but that fact no more renders the statute uncertain than the different means employed to gain entrance to a building make burglary uncertain or the various means by which death may be caused render the crime of murder uncertain."

A confidence game, as defined in State v. Theriot, supra, is any "swindling operation in which advantage is taken of the confidence reposed by the victim in the swindler," and, as said in Elliott v. People, 56 Colo. 236, 138 P. 39, with reference to a similar statute, its purpose is to denounce the obtaining of money or property by means of that which is false or bogus, and (we may add) without interfering with such laws as publishing as true forged instruments or the laws relating to obtaining property by false pretense.

In our opinion, the act does not violate article 10 of the Constitution of 1913, and hence should not be held to be unconstitutional on the grounds urged.

[2] Defendant also urges that the indictment should be quashed, because it does not set out that the false and bogus draft was presented for payment, and that payment was refused. This is urged only in defendant's brief, and is not mentioned in his motion to quash. However, it may be said that section 2 of the act of 1912, denouncing the offense, states what the indictment should set out, and among the requirements the allegation mentioned does not appear. It was not necessary to make it.

The judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the decree.