ST. PAUL, J.
 

 The defendant was charged with and convicted of grand larceny.
 

 I.
 

 In this state the term
 
 felony
 
 means:
 

 “A crime of great magnitude and subject to an infamous punishment — death or imprisonment at hard labor in the penitentiary.” State v. Cazeau, 8 La. Ann. 109, 114; State v. Lartigue, 6 La. Ann. 404, 405.
 

 And,
 
 in that sense,
 
 it has been well known to us even from territorial times. State v. Rohfrischt, 12 La. Ann. 382, 383. Cf. Act No. 137 of 1896, § 44, p. 204. In that sense also it is synonymous with “high crime,” as distinguished from “misdemeanor”; with crime triable by jury and appealable
 
 of right
 
 to this court, as distinguishable from a minor offense triable without jury and appealable only by reason of certain punishments actually inflicted. Const. 1921, art. 7, § 41, p. 50; Art. 7, § 10, p. 40. In other words, the term
 
 felony
 
 in our law means a high crime, for which imprisonment at hard labor (or death)
 
 may he
 
 imposed. Cf. State v. Dalcourt, 112 La. 420, 424, 36 So. 479; State v. Melies, 117 La. 656, 660, 42 So. 199.
 

 And since grand larceny is punishable by imprisonment,
 
 loith
 
 or without hard labor, and therefore “subject to” an infamous punishment, it follows that grand larceny is a felony within the meaning of our laws and of the jurisprudence of this court.
 

 II.
 

 At a term of court earlier than that at which the accused was tried, the district attorney (as a matter of convenience to the witness, and because it might not be possible to obtain his presence at a later date) asked and obtained the consent of defendant’s counsel to take the testimony of a material witness. And this was dope;
 
 the defendant not being present at the time,
 
 though his counsel was.
 

 When, upon the trial of the case, the district attorney offered in evidence the testimony so taken, the defendant objected thereto on the ground that he had a right to be confronted by the witness and had never waived that right. But the testimony was none the less admitted.
 

 III.
 

 It has been held so repeatedly, that, in a felony trial, the
 
 personal presence
 
 of the accused is essential at every important stage of the proceedings, from the arraignment to the rendition of the verdict, and that his attorney cannot waive that presence or waive
 
 *149
 
 any constitutional right of his client out of the client’s presence, that no citation of authorities on that point seems necessary. See, however, State v. Futrell, 159 La. 1093, 106 So. 651.
 

 The right of an accused to be confronted by the witnesses against him is a constitutional guarantee; and whilst it is true that such right may be waived by the accused himself, or by his counsel in his presence (State v. McNeil, 33 La. Ann. 1332, 1335), it is none the less equally true that such waiver cannot be made by counsel alone and out of the presence of the accused.
 

 State v. Kline, 109 La. 603, 33 So. 618, has no application here. In that case the accused had been confronted by the witness when the testimony was taken, and the witness was out of the state at the time of the trial. Here the accused was never confronted by the witness.
 

 The testimony should not have been admitted.
 

 Decree.
 

 The verdict and sentence herein are therefore set aside, and the case is now remanded for a new trial.