(124 So. 832)

(No. 30051.)

**STATE v. GUIDRY.**

Nov. 4, 1929.

Edward A. Generelly and Edwin I. Mahoney, both of New Orleans, for appellant.

Percy Saint, Atty. Gen., E. R. Showalter, Asst. Atty. Gen., and Eugene Stanley, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for the State.

THOMPSON, J. In June, 1928, the defendant was charged in an information with grand larceny and with having stolen property in his possession knowing the same to have been stolen.

On June 27, 1928, he pleaded guilty to the charge made in the second count and was sentenced by the judge of section D, criminal district court, to whom the case was regularly allotted, to serve four months in the penitentiary.

After his discharge on the expiration of his term of imprisonment, he was again informed against for the crime of larceny from the person alleged to have been committed on December 2, 1928. The case was numbered 46202 of the docket of the criminal district court and was allotted to section D of that court. On December 13, 1928, the defendant pleaded guilty to said charge and was sentenced to the penitentiary for a term of six months.

After having served approximately one-third of his sentence, the district attorney proceeded under Act No. 15 of 1928 to have the defendant brought back to the criminal district court to be resentenced or sentenced as a second offender as provided for in the statute. The proceeding was filed in section D, was styled "information" as designated in the statute, and was given the same number as that given the second charge against the defendant.

The defendant was brought before the said section of the court, attended by counsel who had been appointed to represent him, the information charging him with being a second offender was read to him, and he was asked whether he was the same person who had been twice convicted and sentenced, but he declined to answer. The court had already informed him of his right to refuse to answer any question and of his right "to be tried according to law."

After numerous objections, motions, pleas, and demurrers had been made, filed, and overruled, the court ordered the defendant to be tried by a jury of five on the issue of being a second offender.

The trial resulted in a verdict of "guilty as charged."

Motions for a new trial and in arrest of judgment were filed and overruled, whereupon the court vacated and set aside its previous sentence of six months and resentenced the defendant to the penitentiary for a term of not less than four years, seven months, and twenty days, and not more than ten years; deduction having been made for the time which defendant had already served for the second offense.

The first objection made by the defendant is contained in what is styled an answer by respondent in which he refused to plead. It is contended that the information is illegal and is in violation of section 9, article 1, of the Constitution 1921; that it was improperly given the same number as that of the second offense; and that all matters charged in this proceeding are res judicata.

The information follows the terms of the statute and was given the name designated in the statute. It could with full legal efficacy just as well have been called by any other name, such as petition, motion, or rule.

It does not charge the defendant with any crime and is manifestly not an information for a crime in the sense that the word "infor-

mation" is used in said section of the Constitution.

The proceeding was filed in the court in which the two convictions were had, which was the only court having jurisdiction to impose the sentence as for a second offense. Being an incident or a legal consequence of the second conviction, it was properly given the same number as that given said second prosecution.

The two prosecutions were originally allotted to division D of the criminal district court under the authority of section 86, article 7, of the Constitution 1921, and the rules of said court provide that the division to which a case is allotted has jurisdiction until the case is terminated unless transferred to another division.

Moreover, section 4 of rule 6 of the court provides that informations under the Act No. 15 of 1928 shall take the same number and follow the same allotment as the information or indictment on which the conviction was had.

It will be seen therefore that the proceeding was strictly in accord with the Constitution and the rules of the court. We fail to see wherein the defendant has suffered any injury.

The plea of res judicata is equally without merit. The only question that was presented or that could have been presented in the proceeding under Act No. 15 of 1928 was the question as to whether the defendant had been twice convicted of a felony which involved of course the identity of the defendant.

This question was not at issue in the second charge against the defendant, though it could have been presented in that information.

The right to proceed under the statute, however, to have the defendant sentenced as a second offender, was not foreclosed by the

failure to inform the court in the information for the second offense that the defendant came under the class of second offenders.

Nor is the proceeding amenable to the objection on the score that it places the defendant twice in jeopardy for the same offense. The statute under consideration does not make it a crime to be a second offender. Neither this statute nor any other law makes it a crime for one to have been convicted of a felony more than once.

The precise question here presented came before the Supreme Court of the United States in the case of Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 585, 56 L. Ed. 917.

The West Virginia statute provided that when any convict shall have been twice before sentenced in the United States to confinement in a penitentiary, he shall be sentenced to be confined in the penitentiary for life.

It was contended that the statute denied the plaintiff in error (Graham) his immunity from double jeopardy, but the court said:

"The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted."

In quoting from a case that came up from Massachusetts, McDonald v. Massachusetts, 180 U. S. 311, 21 S. Ct. 389, 45 L. Ed. 542, the court said:

"The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished. * * *

"But it does no such thing. * * * The punishment is for the new crime only, but is the heavier if he is an habitual criminal."

Our own court, in considering an increased punishment in a misdemeanor case as authorized by Act No. 39 of 1921 (Ex. Sess.) said:

"The question raised by counsel as to whether the infliction of a heavier penalty as a second offender is a placing of the accused twice in jeopardy for the same offense is answered by the following authorities: [See citations State v. Peace, 163 La. 124, 111 So. 621.]"

In his motion to quash the defendant attacks the constitutionality of the statute (Act No. 15 of 1928) on various grounds. The first ·is that the title is broader than the body of the act and that the act is broader than its title.

The title is very short and is couched in very plain and simple words, being an act "In relation to second and subsequent offenders and their sentence and re-sentence and prescribing the penalties." The objection was correctly disposed of by the trial judge as follows:

"The title is not deceptive. It states the purpose of the act according to the understanding of reasonable persons.

"The title fairly indicates the scope of the act and any person reading it may expect legislation of the character contained in its body. It complies with the requirements of section 16, article 3, of the Constitution 1921."

The statute deals only with convictions for felonies, and as the defendant was twice convicted in this state he has no interest in questioning the right of the Legislature to impose the double penalty in cases where the first offense was committed and the conviction had in another state.

The second contention is that the act deprives defendant of his constitutional right to be tried by an impartial jury and puts him twice in jeopardy for the same offense.

We have already disposed of the question of jeopardy. As to the right of trial by

a jury, it appears that the judge was of opinion that the case should be tried by a jury of five, as the charges for which defendant pleaded guilty were triable by such a jury. But the penalty required to be imposed under the statute for a second offense is absolute imprisonment in the penitentiary, and if required to be submitted to a jury at all on the sole question of identity and whether he had been twice convicted of a felony, it should have been a jury of twelve.

We are of opinion, however, that the statute does not require that such a proceeding be tried by a jury. The questions involved in the proceeding and to be determined by the proceeding are purely questions of fact. They do not relate to the question of guilt or innocence of the defendant. The Constitution in providing for trial by a jury in a certain specified class of cases has reference to cases where the defendant is prosecuted for the violation of some penal statute. There is no provision in the Constitution that we have been able to find which authorizes or requires questions of fact not pertaining to the guilt or innocence of a defendant to be submitted to a jury. The act itself does not expressly require, nor does the language by fair implication authorize, the submission to a jury of the fact as to whether the defendant was a second offender.

On the contrary, the act provides that the defendant shall be brought before the court and shall be informed by the court of the allegations of the information and of his right to be tried as to the truth thereof according to law and shall require such offender to say whether he is the same person as charged in said information or not.

If the defendant says he is not the same person, or refuses to answer or remains silent, his plea, or the fact of his silence, shall be entered of record, and the judge shall fix

a day to inquire whether the offender is the same person mentioned in said records as set forth in such information. If the judge finds that he is the same person, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him, etc.

This language clearly imposes on the judge the duty of finding out whether the defendant is the person who has been convicted of two offenses, and if he ascertains such to be a fact, then he is required to impose the sentence as for a second offense. If therefore the judge must himself determine that fact, then where is the authority for submitting the fact to a jury? The language which requires the judge to inform the defendant that he has the right to be tried as to the truth of whether he is the identical person who is charged with being a second offender, "according to law," does not mean that he has the right to be tried by a jury in the same manner as he would have been tried for the second offense if he had not pleaded guilty.

The term "according to law" simply means that the contested issue of fact as to identity, and whether he is a second offender, is to be tried according to the forms of law and in the manner provided by law, which is a hearing before the court or judge, in the absence of any specific requirement that the issue be submitted to a jury. If this is not the proper construction, then why should the statute say that the judge shall sentence him, not on the finding of a jury but, on the finding of the judge himself?

▆ The defendant, however, can scarcely be heard to complain in this case because the case was tried by a jury, since he was found to be a second offender by both the jury and the judge.

The third ground of attack is that the stat-

ute seeks to have the court inflict cruel and unusual punishment upon defendant.

▆ In the Graham Case, cited supra, it was held that such statutes cannot be said to inflict cruel and unusual punishment.

The fourth contention of unconstitutionality is that the statute is an ex post facto law.

▆ The statute was passed and took effect prior to the second conviction of defendant, and, as we have heretofore said, it provides for an increased or heavier punishment for this second offense.

It does not impose any additional punishment for a first offense or an offense committed prior to its enactment.

Judge Cooley, in his work on Constitutional Limitations (7th Ed.) 382, says:

"And a law is not objectionable as ex post facto which, in providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into account, and the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offense than for the first, and it has not been deemed objectionable that, in providing for such heavier penalties, the prior conviction authorized to be taken into the account may have taken place before the law was passed. In such case, it is the second or subsequent offense, that is punished, not the first." McDonald v. Mass, 180 U. S. page 311, 21 S. Ct. 389, 45 L. Ed. 542; State of Iowa ex rel. Gregory v. Jones, Warden (D. C.) 128 F. 626; Com. v. Graves, 155 Mass. 163, 29 N. E. page 579, 16 L. R. A. 256. See, also, In re Allen, 91 Ohio St. 315, 110 N. E. 535, 537; Blackburn v. State, 50 Ohio St. 428, 36 N. E. 18.

The fifth complaint, that the defendant was deprived of the right of having the case allotted as provided in the Constitution, has already been disposed of.

The sixth complaint is that the law violates

section 4 of article 4 of the Constitution 1921, in that it is a special law which concerns criminal actions and that it seeks to regulate the practice and jurisdiction of the court and charges the rules of evidence in a judicial proceeding.

We do not find that the statute contravenes the constitutional provision referred to in any of the particulars stated. The statute concerns only criminal proceedings, and it regulates to some extent the practice and the authority of the court in the matters embraced in the statute, but it is not a special law in the sense in which that term is used in the Constitution. The provisions are made to operate throughout the state and alike upon all of that class of persons who come under its terms.

"A law is general in the constitutional sense which applies to and operates uniformly on all members of any class of persons or things requiring legislation peculiar to itself in matters covered by the law." R. C. L. vol. 25, p. 816.

The seventh ground of attack, that the statute provides for a punishment in the penitentiary without a trial by a jury in violation of section 41, article 7, we have already considered.

The act provides an increased penalty only against those who are convicted the second, third or fourth time of a felony, and in his demurrer the defendant alleges that he is not subject to the provisions of said act for the reason that neither of the crimes for which he pleaded guilty is a felony under the laws of the state.

It is conceded that the crime of receiving stolen property and the crime of larceny from the person are punishable by imprisonment at hard labor in the penitentiary at the discretion of the trial judge.

The contention of counsel seems to be that no crime in Louisiana is a felony unless the penalty provided is death or absolute imprisonment in the penitentiary.

The rulings of this court are adverse to this contention, State v. Hutchinson, 163 La. 147, 111 So. 656, and authorities there cited.

The defendant complains in bill of exception 5 of the admission in evidence of the certificates of the manager of the penitentiary showing the defendant's prison status.

Act No. 16 of 1928 provides that the certificates of the warden or other chief officer of any state prison or penitentiary, containing the name of the person imprisoned, a statement of the court in which conviction was had, the date and term of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence, on the trial of any person for a second or subsequent offense, of the imprisonment and of the discharge of such person either by pardon or expiration of his sentence.

The certificates were not in fact nor were they intended by the statute to be evidence of the defendant's guilt of the two offenses for which he had pleaded guilty. The act of the Legislature making such certificates admissible in evidence for the purpose as stated in the act does not violate section 9, article 1, of the Constitution 1921. The ruling is sustained by the case of State v. Wilson, 141 La. 404, 75 So. 95, Ann. Cas. 1918D, 789.

The motion for a new trial and in arrest of judgment are but a repetition of the complaints made by defendant in his several pleas and motions which we have already considered.

We may say in conclusion that Mr. Justice Hughes, speaking for a unanimous court in the Graham Case, supra, said that statutes similar to the one here involved had been uni-

formly sustained by the state courts, and he cites many such cases.

The proceeding appears to have been conducted by the state in strict accord with the statute, with the exception of the ruling of the court in submitting the matter to a jury. As to that, however, the defendant has suffered no injury.

The judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the ruling that Act No. 15 of 1928 is a constitutional and valid statute, but dissents from the ruling that the defendant could be resentenced to additional imprisonment after he had commenced serving a valid sentence for his second offense, and dissents also from the ruling that the trial by jury, under Act No. 15 of 1928, was a legal trial.