State v. Hutchinson, 163 La. 147, 111 So. 656, and authorities there cited."

Conceding that the defendant did not waive any right he might otherwise have had by pleading guilty to the charge of being previously convicted of a felony, his appeal, in the light of the authorities cited supra, is without merit, and the sentence appealed from is therefore affirmed.

(127 So. 376)

## STATE v. WOOLFARTH.

### No. 30438.

### March 5, 1930.

Maurice R. Woulfe, of New Orleans, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and Eugene Stanley, Dist. Atty., J. Bernard Cocke and Conrad Meyer, Jr., Asst. Dist. Attys., all of New Orleans, for the State.

BRUNOT, J.

This case presents the same question which is disposed of adversely to the contention of

appellant's counsel in the case of State v. Dupont (La. Sup.) 127 So. 375.[1] The cases are alike except for this slight difference, viz.: In the Dupont Case, the defendant was charged with grand larceny, he pleaded guilty, and was sentenced to eight months in the parish jail. In the present case, the defendant was charged with grand larceny, he was tried by a jury, found guilty of the larceny of property of the value of $50, and was sentenced to imprisonment at hard labor, for a term, in the state penitentiary.

Grand and petit larceny of an amount exceeding $20 are punishable, in the discretion of the judge, by imprisonment in the parish jail or at hard labor in the state penitentiary. Hence the larceny of property exceeding $20 in value is held to be a felony in this state.

Upon the authorities cited and the reasons given in the Dupont Case, the sentence in this case is affirmed.

