BRUNOT, J.
 

 The defendant was charged, tried, and convicted of the crime of robbery. The regularity of the proceedings and the verdict of the-jury are not questioned.
 

 Following the verdict, the district attorney,, under the provisions of Act No. 15 of 1928, filed an information in which the defendant is charged with having been previously convicted of a felony, as the basis for sentencing-the defendant to not less than the maximum and not more than twice the maximum penalty for robbery. When the defendant was arraigned on this charge, he pleaded not guilty, but, before the matter was heard, he withdrew that plea and pleaded guilty to the charge, and the court imposed the maximum sentence authorized by said -act, the term of the sentence, however, to begin at the expiration of a sentence imposed upon defendant for a different crime. The defendant appealed from the sentence.
 

 Inasmuch as the defendant pleaded guilty to the charge of having been previously sentenced for the commission of a felony, and the sentence now appealed from is therefore regular and legal, we see no merit in the appeal.
 

 The defendant’s contention is that larceny is not a felony. The information charging him with the previous commission of a felony alleges that the felony charged was grand larceny, viz. the larceny of an automobile and merchandise valued at $2,000. When he was arraigned on the larceny charge in the dis
 
 *94
 
 trict court, lie first pleaded not guilty, but thereafter withdrew that plea, pleaded guilty, and was sentenced for that offense to eight months in the parish jail. The imposing of a jail sentence for the offense charged was within the discretion of the judge, but the sentence imposed did not, and could not, affect the gravity of the crime charged.
 

 The term “felony” has never been precisely defined in our jurisprudence, but as far back as 1851 this court said:
 

 “In this country, the term ‘felony’ has not a precise meaning; the forfeiture of lands and goods, which characterize it in England, being abolished. It denotes, here, a crime of great magnitude, and subject to an infamous punishment — death or imprisonment at hard labor in the penitentiary.” State v. Lartigue, 6 La. Ann. 405.
 

 To the same effect is State v. Cazeau, 8 La. Ann. 114. In the case of State v. Hutchinson, 163 La. 146, 111 So. 656, 657, this court said:
 

 “And since grand larceny is punishable by imprisonment, with or without hard labor, and therefore.‘subject to’ an infamous punishment, it follows that grand larceny is a felony within the meaning of our laws and of the jurisprudence of this court.”
 

 In this case the validity of Act No. 15 of 1928 is not attacked, presumably because that question was set at rest by the decision of this court in State v. Guidry, 169 La. 215, 124 So. 832, 836, and State v. Charles, 169 La. 543, 125 So. 587.
 

 In the case of State v. Guidry, the court said:
 

 “The contention of counsel seems to be that no crime in Louisiana is a felony unless the penalty provided is death or absolute imprisonment in the penitentiary. The rulings of this court are adverse to this contention. State v. Hutchinson, 163 La. 147, 111 So. 656, and authorities there cited.”
 

 Conceding that the defendant did not waive any right he might otherwise have had by pleading guilty to the charge of being previously convicted of a felony, his appeal, in the light of the authorities cited supra, is without merit, and the sentence appealed from is-therefore affirmed.