LAND, J.
 

 Defendant was tried by jury of five in the lower court and was convicted of the larceny of cigarettes and tobacco of the value of $100, an offense which may be punishable by imprisonment at hard' labor in the State Penitentiary for not more than 10 years. Act No. 124 of 1874, § 8.
 

 Before sentence, the district attorney filed an information, reciting the conviction of defendant of the above named felony, and also of the crimes of burglary in Hill county, Tex¡, in May, 1917, and of burglary and larceny in Natchitoches parish, La., in March, 1922, and prayed that defendant be sentenced, in conformity with Act No. 15 of 1928 of this state, as a third felony offender.
 

 After hearing had, defendant was sentenced to be imprisoned in the State Penitentiary at hard labor for the term of not less than 20 years and not more than 40 years, the term of imprisonment to commence from the date of incarceration therein, subject to such commutation as is allowed by law.
 

 The errors of which- defendant complained in the lower court are set forth in six bills of exceptions on appeal to this court. :
 

 Bill of Exceptions No. 1.
 

 This bill was reserved to the overruling of a plea of former jeopardy and conviction of defendant of burglary and larceny in Natchitoches parish.
 

 There is no double jeopardy in this case. As said in Graham v. West Virginia, 224 U. S. 616, 32 S. Ct. 583, 585, 56 L. Ed. 917: “The propriety of inflicting severer punishment upon old offenders has lon¿ been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted.”
 

 Again it is said in McDonald v. Massachusetts, 180 U. S. 311, 21 S. Ct. 389, 390, 45 L. Ed. 542;
 

 
 *461
 
 "The fundamental mistake of the plaintiti in error in his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished. * * *
 

 "But it does no such thing. * * * The punishment is for the new crime only, but is the heavier if he is an habitual criminal."
 

 See, also, State v. Peace, 163 La. 124, 111 So. 621; State v. Guidry, 169 La. 218, 222, 228, 124 So. 832.
 

 Bill of Exceptions No. 2.
 

 This bill was reserved to the overruling of a motion to quash the bill of information on the following grounds:
 

 (a) That Act No. 15 of 1928, under which the bill of information is drafted, is unconstitutional as it violates section 17 of article B of the present Oonstitution, in that it amends the criminal statutes of this state by increasing the penalty under certain conditions, without re-enacting and publishing at length the sections as amended.
 

 (b) That Act No. 15 of 1928 is unconstitutional as it violates section 41 of article 7 of the State Oonstitution, which provides that the cases in which the penalty is necessarily punishment at hard labor shall be tried by a jury of twelve, nine of whom must concur to render a verdict.
 

 In State v. Guidry, 169 La. 215, 124 So. 832, 833, we held, as stated in syllabus, that: "Act No. 15 of 1928, providing for increased punishment for second and subsequent offenders, does not require that proceeding to so punish be tried by a jury, since, though the questions involved are purely questions of fact, they do not relate to question of the guilt or innocence of the defendant."
 

 See, also, State v. Charles, 169 La. 543, 125 So. 587.
 

 As stated in State v. Dugas, 170 La. 5, 127 So. 345: "Under Double Penalty Act (Act No. 15 of 1928), declaring that accused shall have right to be tried according to law, state must prove by competent evidence to satisfaction of trial judge, not only such prior conviction as is required by statute, but also identity of accused." Syllabus 2.
 

 The second ground of the motion to quash the information herein filed is, therefore, with out merit.
 

 The first ground of the motion is equally untenable, as Act No. 15 of 1928 does not pretend to amend and increase the penalties of the various criminal statutes of the state. Under this act, no defendant is punished a second or third time for the earlier offense, nor is his punishment for tii~ earlier offense increased, but the punishm~ent for ~the new crime is made severer, for: the sole reason that a defendant has becomn an habitual offender.
 

 Act No. 15 of 1928 is clearly independent legislation and is not obnoxious to section 17 of article 3 of the Constitution of 1921, as attempting to amend and i~e-enact the criminal statutes of the State without republishing them at length.
 

 The third and last ground of the motion to quash is that, subsequent to his conyjctjon~ for felonies in the state of Texas, defendant was fully pardoned and restored to citizenship by the Governor of than state, and that thereby these convictions were obliterated.
 

 The prior felony convictions of defendant, charged in the information in this case, are as follows:
 

 
 *463
 
 (1) “In Hill County, Texas, in May 1917 for tlie crime of burglary for which be was sentenced to two years in tbe State Penitentiary at Huntsville, Texas.”
 

 (2) “In Natcbitocbes, La., in Mareb 1922 for tbe crime of burglary and larceny, as
 
 J. F. Johnson,
 
 for wbieb be was sent to tbe penitentiary.”
 

 Tbe certificate of tbe warden of tbe Texas State Penitentiary shows that Ralph Allen, alias Walter Keene, alias
 
 J. F. Johnson,
 
 alias
 

 L. J. Hardy,
 
 defendant herein, was convicted in Hill county, Tex., for tbe crime of burglary, a felony; that be was sentenced on April 19, 1917, to a term of 3 years in that institution; that he was actually imprisoned from May 16,1917, to November 14,1917; that be escaped on November 14, 1917; and that be was not pardoned for this offense.
 

 Another certificate of tbe warden of tbe Texas State Penitentiary shows that Walter Keene, alias Ralph Allen, alias
 
 J. F. Johnson,
 
 alias
 
 L. J. Hardy,
 
 defendant herein, was convicted in tbe courts for Bee, Comal, Gonzales, and San Patricio counties, Tex., for tbe crime of burglary and theft, felonies; that he was sentenced on January 21, 1918, to a term of 14 years, running concurrent with the sentence from which be bad-escaped; that be was actually imprisoned from January 21, 1918, to July 23, 1921; and that he was pardoned July 23,1921, for this offense.
 

 ’ At that date, defendant bad more than served bis full sentence of three years for tbe first conviction for burglary in Texas, as this sentence ran concurrently with tbe sentence of 14 years, imposed for tbe second conviction for burglary and theft in that.state.
 

 Defendant’s counsel contend that the pardon issued by tbe Governor of Texas operated as full remission of tbe prior and subsequent convictions of defendant in tbe state of Texas.
 

 Tbe proclamation of pardon offered in evidence by defendant recites, among other things: “Whereas Ralph Allen, convict No. 42,884,
 
 is now serving a term
 
 in tbe Penitentiary
 
 for
 
 burglary,......now, therefore, I, Pat M. Neff, Governor of Texas, do...... hereby grant the said Ralph Allen a full pardon and restore him to full citizenship and tbe right of suffrage.”
 

 Ralph Allen is an alias of tbe defendant, L. J. Hardy. As tbe pardon is of date July 16, 1921, and refers to “Ralph Allen, convict No. 42,884,
 
 now serving a term
 
 in tbe Penitentiary
 
 for burglary,"
 
 it is clear that defendant was pardoned for tbe second burglary and theft for which he was convicted in Texas and sentenced on January 21, 1918, for a term of 14 years, and not for the first burglary for which he was convicted in Texas and sentenced on April 19, 1917, to a term of 3 years, since defendant escaped on November 14, 1917, after' being actually imprisoned from May 16, 1917, or about 6 months of a 3-year term.
 

 The prior conviction of defendant for burglary in Texas is not referred to at all in the pardon granted to him, and its operation must be limited to the subsequent conviction for burglary and theft in that state, expressly mentioned in the pardon.
 

 Corpus Juris states the rule as follows: “The recital of a specific distinct offense in a pardon limits its operation to that offense, and such pardon does not embrace any other offense for which separate penalties and punishments are prescribed.” 46 C. J. 1194.
 
 *465
 
 citing cases from federal courts, Alabama, Missouri, Nevada, New York, Pennsylvania, South Carolina, Texas, and also from England.
 

 Our conclusion is, therefore, that the prior convictions of defendant for burglary in Hill county, Tex., in May, 1917, and for burglary and larceny in Natchitoches parish, La., in March, 1922, must stand intact, as first and second convictions of defendant for felonies, while the conviction in the present' case constitutes the third conviction of defendant for felony, and is a proper and legal basis for the imprisonment herein imposed.
 

 Bill of Exceptions No. 3.
 

 On the trial of the case, the state offered in evidence a certificate of Wade Long, warden of the Louisiana' State Penitentiary, certifying that the records of that institution show that J. McCormick, alias J. F. Johnson (aliases for defendant), was convicted in the district court of Natchitoches parish, La., and was sentenced March 25, 1922, to a term of 10 years; that he was actually imprisoned from March 28, 1922, to May 3, 1924; that he was not pardoned but was paroled on May 3, 1924.
 

 The certificate of the warden of the Louisiana State Penitentiary is accompanied by a certificate of the secretary of state that Wade Long is the duly qualified and acting warden of the Louisiana State Penitentiary; that his certificate is in due form and is made by him as the proper official; j and that the signature thereto is the true and genuine signature of the warden.
 

 Defendant’s counsel objected to the introduction in evidence of the warden’s certificate on the ground that it is in violation of section 9 of article 1 of the present Constitution, in that it deprives the defendant of the right to be confronted with the witnesses against him.
 

 The warden’s certificate in this case conforms with the requirements of Act No. 10 of 1928, and was admitted, as provided by that act, as “prima facie evidence of the imprisonment and discharge of defendant, either by pardon or expiration of his sentence, as the case may be, under the conviction stated and set forth in the certificate.”
 

 As said in State v. Guidry, 169 La. 215, 124 So. 832, 836: “The certificates were not in fact nor were they intended by the statute to be evidence of the defendant’s guilt of the two offenses for which he had pleaded guilty. ’ The act of the Legislature making such certificates admissible in evidence for the pur-, pose as stated in the act does not violate section 9, article 1 of the Constitution 1921. The ruling is sustained by the case of State v. Wilson, 141 La. 404, 75 So. 95, Ann. Cas. 1918D, 789.”
 

 Bill of Exceptions No. 4.
 

 Defendant, in this bill, objected to the introduction in evidence of several certificates of the warden of the Texas State Penitentiary, for the reason that they are contrary to the provision of the federal statutes relative to authentication of court records.
 

 U. S. Revised Statutes, § 906 (28 USCA § 688), provides that: “all records * * * kept in any public office of any State * * * not appertaining to a court, shall be proved or admitted in any court * * * in any other State * * * by the attestation of the keeper of said records * * * and the seal of his office annexed, if there
 
 *467
 
 be a seal, together with a certificate of the presiding justice * * * or secretary of state * * * that the said attestation is in due form, and by the proper officers.”
 

 Each of the Texas certificates is attested by W. W. Waid, warden, who is custodian and keeper of the records and books of the Texas State Penitentiary. The seal of his office is not annexed, as his office is not provided with a seal. The chairman of the Texas prison board, however, does have a seal, and he certifies that W. W. Waid “is the duly qualified and acting Warden of the Texas State Penitentiary” at Huntsville, Tex. He also certifies that the warden’s certificate is in due form, by the proper official, and that the signature is genuine. Tr. 22, 23, 25, 26.
 

 The secretary of state also certifies that W. A. Paddock, the chairman of the Texas prison board, “was at the time of signing * * * a member of the Texas Prison Board having been duly qualified and commissioned under the laws of this State, and duly authorized to act as such; that his official acts are entitled to full faith and credit; that his attestation is in due form, and that the seal thereto is the seal of his office.”
 

 The only variance from the statutory requirements is the additional certificate of the prison hoard chairman. Under the law of Texas, the secretary of state could not certify the warden’s certificate, because the warden does not have an oath-of office filed with the secretary of state, while the Texas prison board controls the Texas prison system and its members have oaths filed with the secretary of state. -
 

 These Texas certificates also comply with all of the requirements of Act No. 16 of 1928, and include the additional certificate of the prison board chairman.
 

 Besides, defendant has no right to complain, because he took the stand and admitted all the facts contained in the Texas certificates. Tr. 46-49. Defendant admitted his conviction in Hill county, his escape from the penitentiary, and his subsequent conviction. The prior convictions and the identity of defendant are the two questions at issue here. His only defense is that the pardon was for everything, but, in our opinion, the pardon introduced in evidence shows the contrary.
 

 Bill of Exceptions No. 5.
 

 The state introduced a certificate from the warden of the Louisiana State Penitentiary, in accordance with Act No. 16 of 1928, to show a prior conviction of the defendant had in Natchitoches parish, La. The defendant was convicted as “J. McCormick alias J. E. Johnson,” and is so named in the certificate of the warden of the State Penitentiary, which has attached to it, as means of identification of defendant as L. J. Hardy, both the fingerprints and the photographs of the said “J. McCormick alias J. E. Johnson.”
 

 It is recited in this bill that:
 

 “On the trial of this case, the state offered in evidence, in connection with the identification of the accused, finger prints purported to have been taken in the State Penitentiary * * * at Baton Rouge * * * by someone not identified.
 

 
 *469
 
 “The defendant, through his counsel, objected for the reason that the evidence would be immaterial and irrelevant and hearsay testimony; that the finger prints have not been properly identified, and the defendant not confronted with the witness against him.
 

 “The court overruled the objection and permitted the introduction of the photostatic copy of the finger prints * * * in evidence.
 

 “Whereupon, defendant excepted to the ruling and reserved this bill.”
 

 In the per curiam to this bill, the trial judge states: “The photographs, not objected to, show defendant to be the same as J. McCormick.”
 

 The trial was had before the court without a jury, and, if the ruling complained of was erroneous,- defendant was not harmed by it, as the per curiam shows clearly that the court considered the photographs of defendant sufficient' evidence in themselves of identification, without the fingerprints.'
 

 Bill of Exceptions No. 6.
 

 . Defendant filed a motion for a new trial on the ground that the verdict was contrary to the law and the evidence.
 

 The trial judge overruled the motion, assigning as a reason' for doing so that: “The evidence introduced,, without finger prints, showed defendánt’s prior felony convictions.” Tr. 41.
 

 The conviction and sentence are therefore .affirmed.
 

 O’NIELL, C. X, absent.