ROGERS, Justice.
 

 Defendant was - charged with the crime of obtaining money and property by means or use of a confidence game and also with being a second offender. He was found guilty on both charges and sentenced to five years’ imprisonment at hard labor in the state penitentiary. Relying on four bills of exception, defendant has appealed from his conviction and sentence.
 

 1. Defendant’s first complaint is addressed to the refusal of his motion for a new trial. The motion was based on defendant’s contention that the verdict was contrary to the law and the evidence and defendant’s prayer that to serve the ends of justice the trial judge exercise his discretion and grant him a new trial.
 

 The'first ground of the motion, viz. “that the verdict was contrary to the law and the evidence,” presents nothing for review. State v. Disotell, 181 La. 149, 158 So. 825, 826.
 

 The second ground of the motion is based on paragraph 5 of article 509 of the Code of Criminal Procedure, which provides that a new trial ought to be granted “whenever, though as a matter of legal right the accused may not he entitled to a new trial, yet the judge is of the opinion that the ends of justice would be served by the granting of a new trial.”
 

 Defendant does not show in his motion that any injustice has been done him nor
 
 *193
 
 does he set forth any reasons whereby it may be assumed that his rights were prejudiced.
 

 The trial judge was of the opinion that no injustice, had been done the defendant. He states in his per curiam that the verdict was proper under the evidence. The statement of the trial judge is wholly in accord with the verdict of the jury. Both judge and jury were of the opinion that defendant was guilty, and, if he was guilty, no injustice was done by convicting him.
 

 The granting or refusing a new trial is ' left largely to the discretion of the trial judge. Unless it appears that the defendant was prejudiced by the refusal of a new trial, the verdict will not be set aside, even if the judge’s discretion has been extended to its full limit. State v. West, 172 La. 344, 134 So. 243.
 

 There is nothing to show that the trial judge abused his discretion in refusing the motion for a new trial.
 

 2. Defendant’s second complaint is directed at the refusal of his application for a rehearing on the ruling denying his motion for a new trial. The sole ground of the application is embodied in the allegation “that if granted another hearing on said motion, that in addition to the witnesses whose affidavits are hereto attached, he can show, by at least ten other responsible persons, that he was in the town of Pineville, Louisiana, at the time of the commission of the alleged offense in the City of Monroe, Louisiana.” Attached to the application are the affidavits of fourteen persons in support of the allegation.
 

 The application for a rehearing fails to comply in many respects with articles 511 and 512 of the Code of Criminal Procedure prescribing what the defendant must allege and show to entitle him to a new trial on the ground of newly discovered evidence.
 

 But, passing the question of defendant’s noncompliance with the codal articles as well as the question of whether defendant’s right to move for a new trial was exhausted when his first application .therefor was denied, we find from our examination of the record that the trial judge refused defendant’s second application on the ground that “The new evidence and witnesses would be cumulative only.” There is nothing in the record to refute that statement. Defendant neither alleges nor shows that none of the alleged witnesses whose affidavits are attached to his application testified in the case. Neither does defendant aver or show that during the trial the facts alleged in the affidavits were not testified to by the affiants or by some of them nor that he failed or was unable to offer the testimony of other witnesses showing substantially the same facts. The statement of the trial judge, which we must accept as true, indicates the contrary.
 

 It is well established that the ruling of the trial judge refusing a new trial, applied for on the ground of newly discovered evidence, will not be interfered with where the evidence is merely cumulative and of such a nature as not likely to call for a different verdict should a new trial be granted. State v. Russell, 161 La. 167,
 
 *195
 
 108 So. 324. Defendant’s complaint is untenable.
 

 3. Defendant’s third complaint relates to the overruling of his motion in arrest of judgment, setting forth that the indictment does not charge any offense known to the state and that the indictment •does not charge a crime within the meaning of the statute making the use of the confidence game an offense.
 

 The indictment charges that: “T. P. Simpson * * * did wilfully, unlawfully and feloniously obtain from Jitney Jungle groceries valued at $2.00 and cash to the amount of $23.00, by means or use of a false or bogus check of the Louisiana Highway Commission, dated Baton Rouge, Louisiana, November 30, 1934, payable to the order of B. E. Byers, No. 426, for the sum of $25.00, payable at the Louisiana National Bank of Baton Rouge, Louisiana, and signed by H. R. Harbough, he the said T. P. Simpson, at that time false-by representing himself to be the payee named in said check and an employee of the Louisiana Highway Commission and knowing at the time that said check was a false or bogus check and he did thereby obtain from the said Jitney Jungle its property by means and use of the confidence game,” etc.
 

 The indictment is based on Act No. 43 of 1912, defining and punishing the crime commonly known as the confidence game and prescribing the manner in which the crime shall be charged in the information or indictment. The pertinent parts of the statute are found in sections 1 and 2, and are as follows:
 

 “Section 1. * * * Every person who shall obtain or attempt to obtain from any other person, or persons any money or property, by means or by use of any false or bogus checks, or by any other means, instrument or device, commonly called the confidence game, shall be imprisoned with or without hard labor for not less than three months nor more than five years.
 

 “Section 2. * * * In every affidavit, information or indictment under the preceding section it shall be deemed and held a sufficient description of the offense to charge that the accused did, on, etc., unlawfully and feloniously obtain,
 
 or
 
 attempt to obtain, * * * from A. B. * * * his money (or property, in case it be not money) by means and use of the confidence game.”
 

 The indictment is not only framed in conformity to the requirements of the statute, but the offense is also charged in the language of the statute. That is all the law requires. State v. Hill, 160 La. 579, 107 So. 433; State v. Echeverria, 163 La. 13, 111 So. 474. Defendant’s complaint is not well-founded.
 

 4. Defendant’s fourth complaint applies to his sentence as a second offender. Answering the information charging him as such offender, after denying the allegations of fact and law therein contained, defendant alleged that obtaining property by the use of the confidence game is not a felony under the laws of this state.
 

 The penalty prescribed for its violation by Act No. 43 of 1912 is imprisonment with or without hard labor for not less than three months nor more than five years.
 
 *197
 
 Since the offense denounced by the statute is punishable by imprisonment with or without hard labor, it is a felony within the meaning of our laws. State v. Hutchinson, 163 La. 146, 147, 111 So. 656; State v. Guidry, 169 La. 215, 124 So. 832; State v. Dupont, 170 La. 91, 127 So. 375.
 

 On the trial of the information it was established that on June 5, 1930, defendant was indicted in the Fourth district court, parish of Ouachita, for the offense of forging a check for $55. He pleaded guilty to the charge, and on June 6, 1930, was sentenced to one years’ imprisonment at hard labor in the penitentiary. On September 3, 1930, while acting as a trusty, he escaped from the penitentiary, owing nine months and twenty days of his sentence. We find no merit in defendant’s complaint.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.
 

 O’NIELL, C. J., concurs in the decree, but is of the opinion that the fact that newly discovered evidence is cumulative is not of itself a sufficient reason for refusing a rehearing.