**171 So. 55**
**STATE v. BROWN.**
No. 34029.

Nov. 4, 1936.

Rehearing Denied Nov. 30, 1936.

G. Wray Gill and Daly & Hamlin, all of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., and Charles A. Byrne, Dist. Atty., and Chan-

dler C. Luzenberg, Jr., Asst. Dist. Atty., both of New Orleans, for the State.

ODOM, Justice.

The defendant was prosecuted for the crime of larceny from the person, as denounced by Act No. 133 of 1904, which crime is a felony under the laws of this State. He waived trial by jury, was tried by the judge, and convicted on April 17, 1936. He filed a motion for a new trial, which was overruled, and bill No. 1 was reserved.

After the conviction and before sentence, the assistant district attorney filed a bill against defendant under Act No. 15 of 1928, charging that he was a third offender; that he had been convicted of a felony in the criminal district court of the parish of Orleans on April 17, 1936; that theretofore he had been convicted of grand larceny in Bullock county, Ala., and sentenced to hard labor on February 11, 1929; and that on April 13, 1933, he was convicted of "felony theft" in Cass county, Tex., and sentenced to hard labor, it being alleged that the crimes for which the defendant was convicted in Alabama and Texas would be felonies if committed in Louisiana. The purpose of filing this bill was to have the defendant sentenced as a third offender, as provided in the Act No. 15 of 1928.

When arraigned the defendant admitted that he was the same person who was convicted and sentenced as charged in the bill, which admission was equivalent to a plea of guilty. He was sentenced to serve ten to twenty years at hard labor in the State Penitentiary.

Before arraignment on this bill, however, his counsel filed a motion to quash on the ground that the crime known in Texas as "felony theft" would not be a felony if committed in Louisiana. The motion to quash was overruled, and bill No. 2 was reserved.

■ 1. There is no merit in bill No. 1. It alleges in substance that the judgment is contrary to the law and the evidence. We have said so often and so consistently that a bill of exceptions, which recites merely that a judgment or verdict is contrary to the law and the evidence, brings up nothing for review, that we deem it unnecessary now to cite authorities in support of that proposition.

■ 2. As to bill No. 2, if it be true that the crime of "felony theft" as denounced by the laws of Texas would not amount to a felony if committed in Louisiana, the motion to quash is good and should have been sustained by the trial judge, because it is perfectly clear that where Act No. 15 of 1928 is invoked in order to have a defendant sentenced as a second or third offender, and where it is alleged that he had been previously prosecuted and convicted of crimes committed in other states, it must be alleged and shown that those crimes, if committed in this State, would be felonies under our law.

■ So that the only question presented by bill No. 2 is whether the Texas crime known as "felony theft," if committed in Louisiana, would be a felony.

It is conceded by counsel for the defendant, in fact, they cite the law to show,

that "felony theft" under the Texas law is theft of property of the value of $50 or more. They cite and quote "Vernon's Annotated Statutes of the State of Texas, Penal Code, volume 3, article 1421," which reads as follows:

"Theft of property of the value of fifty dollars or over shall be punished by confinement in the penitentiary not less than two nor more than ten years."

Under the laws of this State, the punishment for larceny of property with a value as much as $50 is imprisonment either in the parish jail or at hard labor in the penitentiary at the discretion of the court, for not more than two years. Section 8, Act No. 124 of 1874, page 220; section 812, Revised Statutes of 1870; State v. Henderson, 47 La.Ann. 642, 17 So. 200. So it is clear that if the defendant had committed in this State the crime known in Texas as "felony theft" he could, on conviction, have been sentenced to hard labor in the State Penitentiary for a term not exceeding two years.

█ It has been repeatedly held by this court that the term "felony" denotes or means a crime for which the punishment may be death or imprisonment at hard labor in the State Penitentiary. State v. Lartigue, 6 La.Ann. 404; State v. Cazeau, 8 La.Ann. 109, 114; State v. Hutchinson, 163 La. 146, 111 So. 656; State v. Guidry, 169 La. 215, 124 So. 832; State v. Dupont, 170 La. 91, 127 So. 375; State v. Simpson, 184 La. 190, 165 So. 708.

This seems to be the view taken by courts of other States. In 3 Words and

Phrases, First Series, p. 2737, under the caption "Felony," we find this definition:

"A felony is an offense against the laws of the state which is punishable by death or confinement in the penitentiary."

In support of this definition cases are cited from practically every State in the Union.

█ It has been further held by this court that where the punishment for a crime is imprisonment either with or without hard labor at the discretion of the court, the imposition of a jail sentence as punishment does not affect the gravity of the crime and reduce it from the grade of felony to that of misdemeanor; the test being the punishment that might have been inflicted and not that actually imposed. State v. Dupont, supra. And this is the holding of the courts generally. State of Montana ex rel. Anderson v. Fousek, Mayor, 91 Mont. 448, 8 P.(2d) 791, 84 A.L.R. 303, and numerous decisions there cited.

The judgment appealed from is affirmed.